OPINION OF THE COURT
Jack Mackston, J.
Defendant is charged with a violation of subdivision 3 of section 240.30 of the Penal Law, aggravated harassment in the second degree, which provides:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he * * *
“3. Strikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of the race, color, religion or national origin of such person.”
The information alleges in substance that with intent to harass, annoy, threaten or alarm another, defendant, while attempting to enter their home, threatened the complainants that he was “going to get you f___Jews”.
*858 Defendant initially moved, pursuant to CPL 170.30 (subd 1, par [a]) to dismiss the information as defective within the meaning of CPL 170.35 (subd 1, par [c]) alleging that the aforesaid statute is unconstitutional in that it violates the freedom of speech and due process clauses of both the Federal and State Constitutions. He argues that expressions of racial intolerance, though abhorrent, are nevertheless constitutionally protected so long as they do not seriously disrupt public order, and further that the statute is unreasonable since it attempts to curb racial or religious intolerance by thought control.
The purpose of the statute at hand is to condemn a particular type of harassment, that is, striking or threatening to strike another when motivated by bigotry or racial hatred. It may incidentally inhibit speech to the degree that any accompanying racial epithet could be used as evidence to establish an element of the charge. This however would be a collateral ramification and not the primary purpose of the law. In any event, freedom of speech is not absolute and must, under reasonable circumstances, bend to satisfy the common good. As was said in Chaplinsky v New Hampshire (315 US 568, 571-572), “There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or ‘fighting’ words — those which by their very utterance inflict injury or tend to incite an immediate breach of the peace”.
With respect to the issue of substantive due process, it is fundamental that the State has the right to provide for the public good and promulgate laws to that end. A statute defining a crime is a valid exercise of police power so long as there is a reasonable relationship between the public welfare and the conduct proscribed. (People v Judiz, 38 NY2d 529.)
A court of first impression is not bound to set aside a law as unconstitutional unless that conclusion is inescapable (People v Elkin, 196 Misc 188) and demonstrated beyond a reasonable doubt by the one asserting it. (Matter of Van *859 Berkel v Power, 16 NY2d 37; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) This defendant failed to do.
In Defiance Milk Prods. Co. v Du Mond (309 NY 537, 540-541) the court said: “Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions * * * If any state of facts, known or to be assumed, justify the law, the court’s power of inquiry ends * * * Questions as to wisdom, need or appropriateness are for the Legislature * * * Courts strike down statutes only as a last resort * * * and only when unconstitutionality is shown beyond a reasonable doubt”.
In his reply affirmation defense counsel advances the further argument that the information is defective and should be dismissed because it fails to spell out a violation of the statute, in that the statement attributed to defendant, that he was “going to get” the complainants is not tantamount to a threat of physical contact. The argument is not compelling since the meaning of those words is a question of fact for the jury to consider in light of the entire incident.
The information as drawn satisfies the requirement of CPL 100.15 (subd 3) in that the factual part contains “a statement of the complaint alleging facts of an evidentiary character supporting or tending to support the charges.”
Accordingly the motion to dismiss on constitutional and sufficiency grounds (CPL 170.35, subd 1, pars [a], [c]) is denied. A pretrial conference is scheduled for April 27, 1983, at 9:30 a.m.