*697 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was indicted for first degree rape and two counts of first degree sodomy, all arising out of a single occurrence. After a jury trial, he was convicted of one count of sodomy and acquitted of the remaining counts. On defendant’s motion, the trial court vacated the verdict on the ground of repugnancy. The Appellate Division reversed, reinstated the verdict, and remanded the case for further proceedings.
Defendant’s claim of a repugnant verdict is without merit. As this court held in People v Tucker (55 NY2d 1, 4), “[w]hen there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury.” There is no dispute in this case that, under this standard, defendant’s acquittal on two counts did not necessarily negate an essential element of the remaining count. Defendant only posits that his acquittal for two counts necessarily indicates the jury’s acceptance of a proffered defense that would be equally applicable to the count for which he was convicted, rendering it inconsistent. This type of speculation as to “how the jury perceived and weighed the evidence” and whether it acted “irrationally” was rejected in Tucker (id., at p 7).
Defendant also contends that, as instructed, the jury was precluded from finding that defendant had engaged in sodomy but not rape. When read in isolation, a portion of the charge supports this position. Viewed in its entirety, however, the charge indicated the independent nature of the crimes and the jury’s obligation to consider them separately.
To the extent that defendant asserts that the trial court’s basis for granting his motion to vacate the verdict was its independent weighing of the evidence, it is sufficient to note that this court has recently held that, under the Criminal Procedure Law, a trial court is powerless to set aside a verdict on that ground (see People v Carter, 63 NY2d 530).
Finally, we note that the Appellate Division correctly determined that, on the People’s appeal, it was powerless to consider defendant’s alternative arguments for affirmance. In a civil case, an appellate court has a broad scope of review concerning the arguments of a respondent urging affirmance (see *698 Parochial Bus Systems v Board of Educ., 60 NY2d 539, 545-546). The different language employed in the relevant provisions of the CPLR and the CPL, indicates that the Appellate Division does not enjoy a similar power in criminal cases. The CPLR expressly permits consideration of “any non-final judgment or order * * * including any which was adverse to the respondent on the appeal from the final judgment and which, if reversed, would entitle the respondent to prevail in whole or in part on that appeal * * *” (CPLR 5501, subd [a], par 1). The CPL, however, limits the Appellate Division’s review to “any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant.” (CPL 470.15, subd 1 [emphasis added].) Therefore, consideration of defendant’s other arguments will have to await a possible future appeal by him after sentencing.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.