OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to set aside the verdict denied, and the case remitted to Supreme Court for sentencing.
Defendant was brought to trial for the knife-point robbery of two sisters in the elevator of their apartment building on September 6, 1982. On cross-examination of the victims, defense counsel highlighted several inconsistencies between their descriptions of the assailant after the crime and the appearance of defendant. Evidently in anticipation of presenting evidence of defendant’s inability to speak English fluently, defense counsel also established that the perpetrator made statements in English during the robbery. Noticing this strategy, the prosecutor established, through the testimony of the arresting officer, that *890 defendant had made certain statements in English after his arrest. The prosecutor did not elicit the substance of those statements. Défense counsel moved for a mistrial, arguing that the People had violated both CPL 710.30, in failing to provide notice of intent to introduce these statements, and CPL 240.20 by failing to disclose the statements in response to the discovery motion. The prosecutor explained that he had just recently learned of the statements. The trial court rejected defendant’s argument based on CPL 710.30 but agreed that the prosecution had violated discovery rules. However, the court found the remedy of a mistrial too “drastic.”
Following the jury’s verdict of guilt, defendant moved to set aside the verdict under CPL 330.30. He premised his argument on the weight of the evidence, the interest of justice, and prose: cutorial misconduct with respect to the failure to disclose the statements made by defendant after his arrest. The trial court granted the motion and ordered a new trial, relying on “all the factors,” including the undisclosed statements, the close factual question, the possibility of defendant’s innocence, and his successful completion of a polygraph examination. On appeal by the People, the Appellate Division affirmed, recounting the inconsistencies between the victims’ description of their assailant and defendant’s appearance, and stating in its memorandum opinion that it was acting “in the interest of justice.”
Since the trial court’s decision on the motion to vacate was based in substantial part on the weight of the evidence and the possibility of innocence, it was not grounded on error which “if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court” (CPL 330.30 [1]). Accordingly, the trial court erred in setting aside the verdict for the reasons stated (People v Carter, 63 NY2d 530, 536). Further, in view of People v Goodfriend (64 NY2d 695, 698), the Appellate Division was not empowered to affirm on the alternative basis of its power to vacate a conviction in the interest of justice where there is a “grave risk that an innocent man has been convicted” (People v Kidd, 76 AD2d 665, 668). As in Goodfriend, the decision whether to exercise that power as well as consideration of defendant’s other arguments must await a possible future appeal after sentencing.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur in memorandum; Judge Alexander taking no part.
*891 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.