■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO OCHOA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered July 27, 1982, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contention on this appeal, viewing the evidence in the light most favorable to the People, as we are required to do, we conclude that any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree (see, People v Contés, 60 NY2d 620, 621). In view of the jury's verdict, it rejected the defendant's testimony that he was innocent of all of the charges. It is well established that issues of credibility and the weight to be given to the evidence are matters to be resolved by a jury, whose verdict may not be set aside lightly (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932). On this record, we find no basis to disturb the jury's verdict.

With respect to the defendant's claim that the jury's verdict is repugnant and internally inconsistent because it acquitted him of criminal sale of a controlled substance in the first degree, this issue was not properly preserved for our review because defense counsel first complained of the alleged inconsistency after the court's discharge of the jury. At that point "it was no longer possible to remedy the defect, if any, by

resubmission to the jury for reconsideration of its verdicts" *(People v Satloff,* 56 NY2d 745, 746). We note, however, that considered in light of the trial court's charge to the jury describing the essential elements of each crime, which charge was not objected to by the defendant, the jury could and did properly find the defendant not guilty of criminal sale of a controlled substance, but guilty of criminal possession of cocaine with the intent to sell it *(see, People v Tucker,* 55 NY2d 1, 6-7).

Finally, we have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be without merit. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.