■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH JANSEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered March 5, 1985, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to a trial by jury, when the court instructed the jury that the issue of whether or not the witnesses were sworn was not a proper one for its consideration, is without merit. The trial court repeatedly instructed the jurors that they were the exclusive judges of the facts and that the resolution of issues of credibility was for their sole determination. The record also reveals that prior to giving the challenged instructions, the court also properly told the jury that all the witnesses had been sworn. Under these circumstances, it cannot reasonably be contended that the instruction challenged on this appeal usurped the jury's fact-finding function *(cf., People v Berry,* 62 AD2d 1021).

The defendant also maintains that the jury's verdict finding him guilty of grand larceny in the third degree is repugnant to the verdicts acquitting him of burglary in the third degree

and criminal trespass in the third degree. However, having failed to raise such a claim prior to the discharge of the jury, this contention is unpreserved for our review *(see, People v Alfaro,* 66 NY2d 985; *People v Ochoa,* 119 AD2d 703, *lv denied* 68 NY2d 671). In any event, reversal in the interest of justice is not warranted inasmuch as the defendant's acquittal on the burglary and trespass counts did not necessarily negate an essential element of the grand larceny count *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Tucker,* 55 NY2d 1, 4, *rearg denied* 55 NY2d 1039).

The defendant further contends that prosecutorial misconduct which occurred during cross-examination and summation deprived him of a fair trial. However, we find that the alleged instances of misconduct did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Galloway,* 54 NY2d 396).

We have considered the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.