■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO CANDELARIA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered October 4, 1984, convicting him of burglary in the first degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of burglary in the first degree was based upon a charge under Penal Law § 140.30 (2) which includes the requirement that physical injury was caused to a nonparticipant. A codefendant indicted and tried jointly with the defendant was acquitted of this charge, but found guilty of the lesser included offense of burglary in the second degree under Penal Law § 140.25 (2), which, according to the Trial Judge's charge to the jury, did not require a finding that "one or both of the burglars caused physical injury" to the victim.

On this appeal, the defendant contends that the jury's verdict finding him guilty of burglary in the first degree was repugnant to the codefendant's acquittal of that charge and

conviction on the lesser included offense of burglary in the second degree. This issue, however, was not properly preserved for our review because it was first raised by the defense counsel at the time of the defendant's sentencing when it was no longer possible to remedy any possible defect by resubmitting the case to the jury for its reconsideration *(see, People v Satloff,* 56 NY2d 745, 746, *rearg denied* 57 NY2d 674; *People v Ochoa,* 119 AD2d 703, *lv denied* 68 NY2d 671). In any event, we note that considered in light of the Trial Judge's charge to the jury concerning the essential elements of each crime, it was factually and legally possible for the jury to conclude as it did, that only this defendant was guilty of burglary in the first degree by causing the physical injury to the victim *(see, People v Green,* 128 AD2d 890). In submitting the case to the jury, the Trial Judge properly instructed it, without objection by the defense counsel, to assess the evidence with respect to each defendant individually, and to reach a separate verdict for each of them. Contrary to the defendant's assertions, the jury's acquittal of the codefendant on the charge of burglary in the first degree did not negative an essential element of that crime with respect to the defendant *(see, People v Tucker,* 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039).

Finally, we have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find them to be either not properly preserved for our review or without merit. Mangano, J. P., Niehoff, Spatt and Harwood, JJ., concur.