■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 31, 1984, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury's finding of not guilty as to criminal possession of a controlled substance in the third degree under the fourth count of the indictment was

repugnant to its finding of guilty as to criminal possession of a controlled substance in the third degree under the second count of the indictment is without merit. A review of the trial court's charge to the jury reveals that the subject matter of count two of the indictment referred to a packet of heroin in the defendant's possession which was sold to an undercover officer, while the subject matter of count four of the indictment referred to a packet of heroin which was recovered from the defendant's person but which the defendant did not sell. The verdict demonstrates that as to count four of the indictment the jury did not find an intent to sell which is a material element of the crime of criminal possession of a controlled substance in the third degree (see, Penal Law § 220.16 [1]). On this basis, we find that the verdict is not inherently contradictory (see, People v Goodfriend, 64 NY2d 695, 697; People v Tucker, 55 NY2d 1, 4, rearg denied 55 NY2d 1039). Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.