OPINION OF THE COURT
Harvey Glasser, J.
Each of the three defendants moves to dismiss the informa *566 tion for facial insufficiency. All three defendants are charged in one accusatory instrument with aggravated harassment in the second degree (Penal Law § 240.30 [3]), a class A misdemeanor. (Defendant Nicholas Santana is charged with an additional count of harassment [Penal Law § 240.25 (1)], a violation. However, that charge has not been challenged for facial sufficiency.)
Penal Law § 240.30 (3) provides as follows:
"A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he * * *
"3. Strikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of the race[,] color, religion or national origin of such person.”
The factual portion of the information alleges: "Deponent is informed by Lisa and Sharon Campbell, of an address known to the DA’s Office, that the defendants yelled 'Nigger Bitches, we should take your earrings’ at the informants and then the defendants chased informants across the street into a building.”
The defendants contend that the information is facially defective for two reasons. First, because it fails to contain facts alleging either that the defendants struck, shoved, kicked or subjected the complainants to physical contact, or that they attempted to do the same. It is argued that the statement, "we should take your earrings”, does not indicate that any action was to be taken; this is especially so since there is no allegation that the complainants were wearing earrings at the time. It is further contended that chasing the complainants is not necessarily an attempt at physical contact.
Defendants also claim that there are no facts alleging that defendants’ acts were committed because of the complainants’ race, color, religion or national origin. It is argued that the racial epithet used is a conclusory statement, without facts as to why the complainants were so addressed, and that the basis for the name calling cannot be made out since neither the race, color, religion or national origin of the complainants nor of the defendants is set forth. Moreover, defendants contend that it is incredible that the three defendants would all yell out the same sentence at the same time. Thus, the accusatory instrument is defective because it fails to allege with sufficient *567 specificity what each individual defendant said or did, and because it fails to connect any one defendant to any specific criminal conduct.
The People counter that the defendants’ statement, "Nigger Bitches, we should take your earrings”, followed by the act of chasing the complainants across the street, is sufficiently threatening to support the charges.
In 1982 the Penal Law was amended to add more severe penalties for acts of harassment motivated by racial, religious or ethnic bigotry. (See, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.31, 1989 Pocket Part, at 70.) There has been a "dearth of prosecutions” under the new sections (Penal Law § 240.31 [aggravated harassment in the first degree]; Penal Law § 240.30 [3] [aggravated harassment in the second degree]; Abramovsky, Aggravated Harassment in Bias-Related Incidents, NYLJ, Oct. 3, 1988, at 3, col 1). Moreover, there have only been two reported decisions involving bias-motivated harassment (People v Grupe, 141 Misc 2d 6 [Crim Ct, NY County 1988]; People v Dinan, 118 Misc 2d 857 [Long Beach City Ct, Nassau County 1983]), and in only one of those cases, People v Binan, was there a challenge to the facial sufficiency of the accusatory instrument.
For a misdemeanor information to be facially sufficient, it must conform with the requirements of CPL 100.40 and 100.15. The factual portion must allege facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].) Thus, statements of a conclusory nature are insufficient. Further, the allegations of the factual part, together with any supporting depositions, must provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) Lastly, nonhearsay allegations must establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c].) The last requirement is also known as a " 'prima facie case’ requirement” (People v Alejandro, 70 NY2d 133, 137 [1987]), meaning that a facially sufficient information must contain enough factual allegations to establish a prima facie case.
Although inartfully drawn, the information in this matter meets the stated requirements for facial sufficiency. It may be true that when each factual allegation in the information is examined individually, these allegations are susceptible to a noncriminal interpretation. However, the factual portion of *568 the information must be examined in its entirety, not piecemeal, to determine whether the facts alleged, when taken together, establish a prima facie case.
In People v Dinan (118 Misc 2d 857 [Long Beach City Ct, Nassau County 1983], supra), it was alleged that the defendant, while attempting to enter the complainants’ home, threatened that he was "going to get you f-Jews”. (Supra, at 857.) Defendant argued that his statement that he was going to get the complainants was not a threat of physical violence. (Supra, at 859.) The court held that the allegations were sufficient, and that "the meaning of those words is a question of fact for the jury to consider in light of the entire incident. ” (Supra, at 859 [emphasis added].)
Similarly, in this case, when examined in light of the entire incident, one or more of the defendants yelling out a racial epithet and stating that they should take the complainants’ earrings, followed immediately by all three defendants pursuing the two female complainants, indicates that they intended to subject the complainants to physical contact and that the attempt at physical contact was based on the race of the complainants.
In People v Dupont (107 AD2d 247 [1st Dept 1985]), the defendant was charged with aggravated harassment for distributing written material (under a different subdivision of Penal Law § 240.30, not involving racial or ethnic bias). The First Department, in reversing the defendant’s conviction, distinguished the facts of Dupont from Dinan (supra), explaining that in Dinan "[t]here was something more than speech. There was a threat of force and an attempt to enter the complainant’s home.” (Supra, at 254.) Similarly, in the instant case, there were threatening words, followed by a chase across the street and into a building.
Defendants argue that it is unlikely that all three defendants would have yelled out the same words at the same time. Although it would have been better practice to specify which defendant yelled out the statement in question, failure to do so is not fatal. At least one defendant shouted out the statement; the others ratified it when they pursued the complainants immediately after hearing the statement. (See, People v Rosario, NYLJ, Dec. 19, 1988, at 26, cols 4, 5 [Crim Ct, Bronx County] ["Although it would be better practice to specify in the complaint which of the defendants was caught holding the bag, it is really of no moment. Clearly, the complaint alleges *569 that all defendants were engaged in the same activity”].) More importantly, Penal Law § 240.30 (3) does not forbid racial epithets; it forbids attempts to subject others to physical contact because of racial, religious or ethnic bias. Any racial epithets are circumstantial evidence that defendants’ actions were motivated by racial prejudice. (People v Grupe, 141 Misc 2d 6, 9 [Crim Ct, NY County 1988], supra; People v Dinan, 118 Misc 2d, at 858, supra.)
Defendants point out that it is not set forth in the information that the complainants were actually wearing earrings. Neither does the factual portion of the information state what the complainants’ race was or that the defendants were of a different ethnic background. Although that would have been the better course, "the element of intent may be made out by the conduct and circumstances” (People v Gore, NYLJ, Apr. 11, 1989, at 26, cols 2, 4 [Crim Ct, Kings County]). The facts alleged in the instant case suffice for a prima facie case under Penal Law § 240.30 (3). Defendant’s arguments, rather than negating a prima facie case, are more in the nature of attempts to controvert the allegations. However, once the factual allegations suffice for facial sufficiency, "[t]he matter then becomes a question for the trier of fact.” (Supra, at 26, col 3.)
Accordingly, defendants’ motions to dismiss the information as defective are denied.
As to the defendants’ discovery motions, the People have served a voluntary disclosure form. Defendants may move with respect to any alleged inadequacies. A Wade hearing, to which the People have consented, is directed.