■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH SIGGIA and HARRY PARTRIDGE, Respondents.—Order of the Supreme Court, New York County (Allen Murray Myers, J.), entered March 1, 1988, which set aside a jury verdict convicting defendants Joseph Siggia and Harry Partridge of perjury in the first degree, and dismissed the indictment against them, unanimously modified, on the law, to the extent of reinstating the verdict convicting defendant Siggia of perjury in the first degree, and remanding the matter for sentencing, and affirmed as to defendant Partridge.

For a defendant to be convicted of the crime of perjury in the first degree, the People must adduce proof sufficient to establish, beyond a reasonable doubt, that a person "swears falsely and * * * his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made." (Penal Law § 210.15.) We agree with the People on this appeal that the evidence against defendant Joseph Siggia was, in fact, sufficient as a matter of law to support a conviction of that crime and reverse accordingly. However, the same cannot be said to be true of the evidence against defendant Harry Partridge, and we, therefore, affirm Supreme Court's decision which set aside the jury verdict finding him guilty of the crime.

Essentially, this case involves a trial in which the defen-

dants, and a third codefendant who is not a party on this appeal, were charged with a host of crimes, including perjury, conspiracy, bribery, Donnelly Act violations, larceny, offering a false instrument for filing, and forgery, all arising out of the lease of a building located at 400 Broome Street, of which Partridge was the owner, to the State of New York. Siggia, who had been employed by the State, was alleged to have been largely instrumental, initially in Partridge's purchase of the building, and later, in negotiating the lease by which the building was rented to the State.

The principal charge was that Partridge had bribed Siggia, while he was in the employ of the State, with the promise of a job upon Siggia's departure from the public sector, so that Siggia would use whatever influence he had in his capacity as "Tenant Relocation Coordinator" at the Office of General Services (OGS) to persuade the State to lease the building. During the course of proceedings conducted by the State Investigation Committee (SIC), both Siggia and Partridge testified. It is this testimony, given on June 19, 1984, which ultimately led to the perjury charges in the issue on this appeal.

First Siggia, while under oath, testified as follows:

"Q: Did Mr. Partridge offer you that consulting position with his firm while you were working for OGS?

"A: No."

The relevant portion of Partridge's testimony before the SIC is as follows:

"Q: *When Joseph Siggia was to leave State employment and come to work for you* in June of 1983, had you *prior to him leaving State government* discussed his future employment with you?

"A: No, sir. Mr. Siggia retired from the State under very trying circumstances, as I remember. And wasn't planning on retiring and he was all broke up that he couldn't go forward with his life in the State, and there was no plan on his part for him to retire, that I knew of." (Emphasis added.)

Following a jury trial which was some eight weeks in duration, the jury acquitted Partridge and Siggia of all counts submitted, with the exception of the subject count of perjury in the first degree, of which the jury convicted both defendants. Supreme Court, upon motions duly brought by both defendants pursuant to CPL 330.30, set aside the verdict of guilty and dismissed the perjury count against the defendants. The People now appeal.

A motion to set aside a verdict of guilty may be granted upon "[a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court." (CPL 330.30 [1].) However, as the Court of Appeals has stated, a trial court is powerless to set aside a verdict on the ground that it is against the weight of the evidence. (People v Goodfriend, 64 NY2d 695, 697 [1984], citing People v Carter, 63 NY2d 530.) Thus, in considering a motion to set aside the verdict the issue is not whether the proof establishes guilt beyond a reasonable doubt, but rather is merely whether the evidence is legally sufficient, which is defined in the CPL as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent." (CPL 70.10 [1]; cf., CPL 70.20; see also, CPL 300.10 [2].)

First, as to Siggia, our review of the record convinces us that the evidence adduced against him was both sufficient as a matter of law and proved his guilt beyond a reasonable doubt. (People v Bleakley, 69 NY2d 490, 493, 495 [1987].) The record is replete with testimony that, while still at OGS, Siggia told colleagues about the employment opportunity Partridge had presented him with. Literally witness after witness told how Siggia said that he had been offered employment by Partridge at such time that he retired. In fact, when Siggia was offered early retirement in 1983, he told one witness he would avail himself of the opportunity to work for Partridge unless he received a promotion and raise. On May 31, 1983, after Siggia's requests were denied, he retired; less than a month later, he was working for Partridge as a consultant.

We are mindful of the fact that there was apparently no prohibition against Siggia's taking the position offered by Partridge. However, the fact is, quite simply, that Siggia's June 19, 1984 statement to the SIC that Partridge did not offer him the consulting position while Siggia was still at OGS constituted perjurious testimony which was material to the SIC investigation.

In sharp contrast, we hold that the People did not adduce evidence sufficient to prove, as a matter of law, that Partridge's statements constituted false testimony. We agree with Supreme Court that the question posed was somewhat ambiguous and that, as a result, Partridge's answer "may have been unresponsive, but literally true and believed to be true

by the defendant Partridge; given the meaning he attached to the question." As Chief Justice Burger stated, in *Bronston v United States* (409 US 352, 360 [1973]), "[t]he burden is on the questioner to pin the witness down to the specific object of the questioner's inquiry."

We are of the view that the question posed to Partridge was, at best, inartfully worded and thus failed to meet this standard of specificity. Thus, Partridge's statement that he had not discussed Siggia's future employment "prior to him leaving State government" appears to be literally true, given that Siggia had no prior definite plans to retire. While further questioning may have disclosed the content of any prior discussions, in which Partridge's testimony would certainly have been fixed either as fully truthful or false, we reject the People's contention that under the Court of Appeals holding in *People v Neumann* (51 NY2d 658 [1980], *cert denied* 452 US 918 [1981]) a reversal is required. In *Neumann,* the court determined that the defendant could not claim that an answer was literally true because of a specialized meaning of words contained in his answer. In the instant case, as in *Bronston (supra),* although the answer was a half-truth because unresponsive to the question, it was literally true, and thus not perjurious within the meaning of Penal Law § 210.15. *(See, People v Neumann,* 51 NY2d, *supra,* at 666-667; *Bronston v United States,* 409 US, *supra,* at 359.)

In considering the sufficiency of the evidence against Partridge, we are mindful of the fact that Siggia's statements, expressing what he believed to be Partridge's intent to hire him, were not admissible under the state of mind exception to the hearsay rule, set forth in *Mutual Life Ins. Co. v Hillmon* (145 US 285 [1892]). While Siggia's statements to his colleagues are admissible to demonstrate his intent, as the declarant, to work for Partridge, they are too attenuated from Partridge to support a perjury conviction, particularly in view of Partridge's unresponsive testimony. *(People v Chambers,* 125 AD2d 88, 94-96 [1st Dept 1987]; *compare, People v Malizia,* 92 AD2d 154, 159-162 [1st Dept 1983], *affd* 62 NY2d 755 [1984]; *see, People v Sabella,* 35 NY2d 158, 167-168 [1974] [regarding the evidence necessary to sustain a perjury conviction]; Penal Law § 210.50.)

Accordingly, the order of the Supreme Court is modified, on the law, to the extent of reinstating the verdict convicting defendant Siggia of perjury in the first degree, and the matter remanded for sentencing, and otherwise affirmed. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.