■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MILES, Appellant. [604 NYS2d 151] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 20, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury verdict convicting him of murder in the second degree and criminal possession of a weapon in the third degree and acquitting him of criminal possession of a weapon in the second degree is repugnant. To the extent that the defendant's repugnancy claim is premised on the trial court's isolated misstatement as to the element of intent, it is unpreserved for appellate review because the defendant failed to raise this specific argument prior to the discharge of the jury *(see,* CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985; *People v Jansen,* 130 AD2d 764). In any event, the jury's verdict is not legally repugnant when viewed in the context of the court's charge as a whole, since the jury's acquittal of the defendant for criminal possession of a weapon in the second degree *(see,* Penal Law § 265.03) does not negate

the intent element of murder in the second degree *(see,* Penal Law § 125.25 [1]; *People v Tucker,* 55 NY2d 1; *People v Haymes,* 34 NY2d 639, *cert denied* 419 US 1003). Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.