■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICARDO STITT, Respondent. [607 NYS2d 740] —Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated April 22, 1992, which granted the defendant's motion to set aside a verdict convicting him of murder in the second degree.

Ordered that the order is reversed, on the law, the defendant's motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing on the charge of murder in the second degree.

The defendant was tried on charges of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, in connection with a shooting death. He was charged with committing each of these crimes while acting in concert with an unapprehended individual.

The trial testimony of the People's witnesses established that the victim had an argument with the defendant and others over a parking spot. Witnesses observed the defendant from a distance away, wearing green pants and a jacket, and another unapprehended individual, pull out guns and fire at the victim at the same time. The jury returned a verdict of guilty on the charge of murder in the second degree, but acquitted the defendant on the weapon possession counts. The court granted the defense counsel's motion to set aside the verdict, made prior to the discharge of the jury, on the ground that the verdict was repugnant, and on the additional ground that the defendant had been prejudiced by the prosecutor's display of a photograph to the jury that had not been admitted in evidence. We reverse.

Contrary to the determination of the trial court, we find the verdict was not repugnant. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695, 697).

The jury's verdict here is not legally repugnant when viewed in the context of the court's charge as a whole. The defendant's acquittal on the two criminal possession of a weapon counts does not negate the intent element or any other element of murder in the second degree *(see, People v Miles,* 198 AD2d 445; *People v Goodfriend, supra; People v Tucker, supra; People v Feliciano,* 187 AD2d 448).

We also find that the prosecutor's brief display of the photograph did not deprive the defendant of a fair trial. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.