■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN GOVAN, Appellant. [614 NYS2d 429] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 9, 1990, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Eyewitnesses testified that the defendant and his companion were each holding a gun, but they did not know who fired the shot that hit the victim's jaw. The defendant argues that the jury verdict convicting him of assault in the first degree and acquitting him of criminal possession of a weapon in the second degree was repugnant. We disagree.

"When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Stitt,* 201 AD2d 593).

The jury's verdict here is not legally repugnant when viewed in the context of the court's charge as a whole. The defendant's acquittal on the criminal possession of a weapon count does not negate either the intent element or any other element of assault in the first degree *(see, People v Goodfriend, supra; People v Olcon,* 143 AD2d 369; *People v Stitt, supra; People v Miles,* 198 AD2d 445).

The defendant's contention that he was deprived of his constitutional and statutory right to be present at a side-bar

conference between counsel and the court during the selection of the jury is without merit *(see, People v Ramos,* 173 AD2d 748; *People v Benson,* 173 AD2d 720). Bracken, J. P., Lawrence, Joy and Goldstein, JJ., concur.