■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BEBEE, Appellant. [620 NYS2d 269] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered March 13, 1992, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the jury verdict was repugnant is without merit. " 'When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-

count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury' *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695, 697 * * *)" *(see, People v Govan,* 206 AD2d 388; *People v Stitt,* 201 AD2d 593). Here, a comparison of the elements of the crimes as charged to the jury establishes that the defendant's acquittal of the charges of attempted assault in the first degree and attempted assault in the second degree does not necessarily negate any of the elements of criminal possession of a weapon in the fourth degree.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.