■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Also Known as MICHAEL HARRIS, Appellant. [629 NYS2d 52] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered March 23, 1993, convicting him of attempted robbery in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the jury verdict was repugnant. " 'When there is a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury' *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Stitt,* 201 AD2d 593)" *(People v Govan,* 206 AD2d 388).

The jury, by acquitting the defendant of attempted robbery in the first degree, necessarily determined that neither the defendant nor his accomplice possessed a deadly weapon during the course of the attempted robbery or the immediate flight therefrom. However, the trial court, when it instructed the jury on the elements of criminal possession of a weapon in the second degree, never described the "firearm" as a deadly weapon capable of readily causing death or serious physical injury, or even that the firearm had to be operable. In determining whether a verdict is repugnant, the accuracy of the charge need not be considered *(see, People v Tucker,* 55 NY2d 1, 7, *supra).* The defendant's acquittal of attempted robbery in the first degree did not negate an essential element of criminal possession in the second degree as defined in the trial court's charge to the jury.

The defendant was initially indicted for robbery in the first degree and robbery in the second degree, but the trial court reduced those counts to attempted robbery in the first degree and attempted robbery in the second degree *(see,* CPL 210.20). However, no written order was entered reducing those charges. Thus, there is no merit to the defendant's contention that the filing of the indictment containing the reduced charges was untimely under CPL 210.20 (6) since the 30-day period set forth in that provision runs following the entry of the order reducing the charges.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find that they are without merit. Sullivan, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.