■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICHARDSON, Appellant. [652 NYS2d 989] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered October 22, 1991, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the jury verdict is repugnant is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985; *People v Stahl,* 53 NY2d 1048). In any event, it is without merit. "When there is a claim that repugnant jury verdicts have been rendered in response to a multiple count indictment, a verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" *(People v Tucker,* 55 NY2d 1, 4). In such cases, it is necessary to determine whether the defendant's acquittal on one or more counts necessarily negated an essential element of another count of which the defendant was convicted *(see, People v Goodfriend,* 64 NY2d 695, 697; *see also, People v Brown,* 216 AD2d 573; *People v Bebee,* 210 AD2d 243; *People v Stitt,* 201 AD2d 593, 594). Here, a comparison of the elements of the crimes as charged to the jury establishes that the defendant's acquittal of the charges of murder in the second degree and manslaughter in the first degree does not necessarily negate any of the elements of criminal possession of a weapon in the second degree. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.