■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN PIROZZI, Respondent. [656 NYS2d 42] —Appeal by the People from an order of the Supreme Court, Kings County (Owens, J.), dated June 1, 1995, which granted the defendant's motion to set aside the jury verdict convicting him of aggravated harassment in the second degree, and dismissed the indictment.

Ordered that the order is reversed, on the law, the defendant's motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

On June 18, 1992, at 7:45 P.M., for no apparent reason, the defendant police officer John Pirozzi and his partner, Joe Rontondi, pulled up behind a Nissan Pathfinder in which the complainant, Nicole Marcano, and her companion, Brian Benjamin-Benn, were seated. The vehicle was parked in a private driveway at the time. The defendants exited their patrol car and demanded to see the "paperwork" for the Pathfinder. An argument thereupon ensued. Evidence was introduced that the defendant Pirozzi abused Benjamin-Benn and then beat Marcano when she objected to the manner in which Benjamin-Benn was being treated. The defendants subsequently placed Marcano and Benjamin-Benn under arrest. There was also evidence adduced that prior to the arrest, while the officers and the complainant were still speaking in the driveway, Pirozzi referred to the complainant as a "little black bitch".

As events escalated Pirozzi struck Marcano at least two times and she fainted. After Marcano lost consciousness from the beating, she was placed in the rear seat of the defendant's patrol car and briefly awoke, asking, "what happened". The defendant then turned toward her from his front seat and struck her in the face with his open hand remarking, "[t]hat's what happened [sic] when you assault a police officer, you little black bitch".

Marcano and Benjamin-Benn were charged with 14 criminal counts, including possession of a forged instrument, assault, and resisting arrest. All of the charges against Benjamin-Benn and Marcano were later dismissed and the defendant was charged with, *inter alia,* assault in the second and third degrees, and aggravated harassment in the second degree (Penal Law § 240.30 [3]).

After the People's case was completed, the defendant moved to dismiss the aggravated harassment count, arguing, *inter alia,* that the proof did not establish that the defendant struck Marcano because of her race, as required under Penal Law § 240.30 (3). The court responded by indicating that the count would be submitted to the jury, but that if the jury found the defendant guilty on that count, it would set the verdict aside. The court added that "I don't believe he [the defendant] did it just because she was black. I mean he may have, but, I'm saying under the facts of this situation * * * It may be the thing was instigated because of that". The jury convicted the defendant of aggravated harassment in the second degree and acquitted him of assault in the second and third degrees. Upon the defendant's application, the trial court set aside the jury's

verdict on aggravated harassment. The People now appeal. We reverse.

As the Court of Appeals has stated, a trial court is powerless to set aside a verdict on the ground that it is against the weight of the evidence (see, CPL 330.30; *People v Carter*, 63 NY2d 530, 537; see also, *People v Goodfriend*, 64 NY2d 695). In considering a motion to set aside the verdict, a trial court may not consider whether the proof establishes guilt beyond a reasonable doubt, but rather, whether the evidence is legally sufficient (see, *People v Carter, supra*; *People v Goodfriend, supra*). Here, the evidence was legally sufficient to establish the defendant's guilt of aggravated harassment in the second degree.

When reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (*Jackson v Virginia*, 443 US 307, 319; *People v Ford*, 66 NY2d 428, 437). Under Penal Law § 240.30 (3), the evidence must demonstrate that the defendant, "with intent to harass, annoy, threaten or alarm another person * * * [s]trikes shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of race, color, religion or national origin of such person". It has been observed that Penal Law § 240.30 (3) "forbids attempts to subject others to physical contact because of racial, religious or ethnic bias" (*People v Rivera*, 144 Misc 2d 565, 569), and that "[a]ny racial epithets are circumstantial evidence that a defendant's actions were motivated by racial prejudice" (*People v Rivera, supra*, at 569; see also, *People v Grupe*, 141 Misc 2d 6, 9).

Here, the trier of fact could have concluded that the defendant's conduct in striking Marcano was motivated by her race. In this respect, Marcano testified that as she regained consciousness in the back seat of the automobile, the defendant struck her and stated, "[t]hat's what happened *[sic]* when you assault a police officer, you little black bitch". Under the factual circumstances presented, where the officers initially accosted Marcano and her companion for no apparent reason, the use of this racial epithet creates a viable inference that the defendant's conduct was racially motivated (see, *People v Rivera, supra*; *People v Grupe, supra*; *People v Miccio*, 155 Misc 2d 697). Notably, there was also testimony adduced that prior to Marcano's arrest, the defendant had warned Mr. Benjamin-Benn to "tell your little black bitch to move away", conduct

which further buttresses the conclusion that the defendant's conduct toward Marcano was attributable to her race. Under the circumstances, the trial court erred in setting aside the verdict.

Contrary to the defendant's contentions, the fact that the jury acquitted him of the assault counts does not demonstrate that the verdict was inconsistent or repugnant. "Whether verdicts are repugnant or inconsistent * * * is determined by examining the charge to see the essential elements of each count, as described by the trial court, and determining whether the jury's findings on those elements can be reconciled" *(People v Loughlin,* 76 NY2d 804, 806; *People v Tucker,* 55 NY2d 1, 6-7).

Here, the key elements of the crimes of aggravated harassment in the second degree and assault in the second and third degrees differ. Specifically, and as charged by the court, the assault counts required a finding that the defendant intended to cause physical injury (assault in the third degree) and serious physical injury (assault in the second degree) to the victim. However, the aggravated harassment count of which the defendant was convicted, required no physical injury *(see, People v Rivera,* 144 Misc 2d 565, 567-568, *supra).* As charged by the Trial Judge, the jury need only have found that the defendant subjected "another person to physical contact, or attempt[ed] or threaten[ed] to do the same because of race, color, religion or national origin of such person". Since the jury could have concluded that the defendant did not intend to inflict physical injury or serious physical injury, but did intend to subject the victim to physical contact because of her race, the defendant's acquittal of assault in the second and third degrees is not inconsistent with his conviction of aggravated harassment in the second degree *(cf., People v Goodfriend,* 64 NY2d 695, *supra).* Thompson, Joy and Goldstein, JJ., concur.

O'Brien, J. P., dissents and votes to affirm the order appealed from with the following memorandum: The defendant, a police officer, was charged with two counts of assault in the second degree, two counts of assault in the third degree, and aggravated harassment in the second degree in connection with the arrest of Nicole Marcano and her companion. The People presented evidence that the defendant and his partner stopped the vehicle in which Marcano was a passenger and requested documentation of ownership. An altercation ensued, and the officers allegedly struck Marcano and her companion. Marcano testified that, while she was seated in a patrol car, the defendant struck her, causing her to lose consciousness, and said

"[t]hat's what happened *[sic]* when you assault a police officer, you little black bitch".

At the conclusion of the People's case, the defendant moved to dismiss the aggravated harassment charge. In order to convict the defendant of aggravated harassment in the second degree (Penal Law § 240.30 [3]), the People were required to prove that "with intent to harass, annoy, threaten or alarm another person * * * [the defendant] strikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same *because* of the race, color, religion or national origin of such person" (emphasis supplied). The court reserved decision but expressed its opinion that there was insufficient evidence to support the charge and advised the defendant that it would set aside the verdict if the jury found him guilty.

The court submitted a justification defense to the jury with respect to the assault counts. The court instructed the jury, pursuant to Penal Law § 35.30, that a police officer may use the physical force reasonably necessary to effect an arrest of a person he reasonably believes to have committed an offense. The defendant and his partner were acquitted of all the assault counts but the defendant was convicted of aggravated harassment. The court then granted the defendant's motion to set aside the guilty verdict.

Contrary to my colleagues, I conclude that the evidence was legally insufficient to convict the defendant of aggravated harassment in the second degree beyond a reasonable doubt. The statute prohibits acts of physical violence and intimidation which are motivated by bigotry *(see, People v Rivera,* 144 Misc 2d 565; *People v Grupe,* 141 Misc 2d 6). While the use of racial epithets cannot be condoned, the statute proscribes conduct, not speech. Thus, the People were required to establish beyond a reasonable doubt that the defendant's conduct was motivated solely by racial bias. Marcano's own testimony, if accepted as credible, established that the defendant struck her in retaliation for her physical interference with the police.

Moreover, I agree with the trial court that the verdict finding the defendant guilty of aggravated harassment was inconsistent with his acquittal of assault in the third degree. A verdict on a particular count in a multicount indictment may be set aside as repugnant " 'only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury' " *(People v Goodfriend,* 64 NY2d 695, 697; *People v Tucker,* 55 NY2d 1, 4), in other words, when the defendant's acquittal on one or more counts necessarily negates

an essential element of another count of which the defendant was convicted *(see, People v Goodfriend, supra; People v Stitt,* 201 AD2d 593). By acquitting the defendant of assault in the third degree, the jury necessarily determined that the use of force was necessary to effect an arrest, which finding cannot be reconciled with a determination that the defendant's conduct was motivated solely by racial bias.

Accordingly, I dissent and vote to affirm the order which set aside the verdict and dismissed the indictment.