OPINION OF THE COURT
Michael S. Alongé, J.
*670 This is a motion to dismiss a prosecutor’s information charging the defendant with a violation of Penal Law § 240.26 (1), harassment in the second degree, a violation. The motion attacks both the sufficiency of the information and the constitutionality of the statute.
The defendant, James Barbara, is a motor equipment operator and has worked for the Department of Highways in the Town of Hempstead for 33 years. An angry dispute erupted one day when Mr. Barbara felt he was not being treated fairly in overtime assignments. He had complained several times to no avail and finally on January 10, 1997 he went to the office of Peter Matulock, his immediate supervisor, to confront him.
Mr. Barbara insisted that because of his seniority he should be entitled to the prime overtime assignments. Mr. Matulock told him his overtime requests would not be reconsidered. As the discussion grew more heated, it is alleged that Mr. Barbara said, "The first chance I get to f---you, I’m going to f--you big time. It might not be on the job, but I’m going to f--you.”
Mr. Barbara was charged with a violation of section 240.26 (1) of the Penal Law, harassment in the second degree, a violation. Defense counsel contends that section 240.26 (1) is the same as former section 240.25 (2) which was found unconstitutional by the Court of Appeals in People v Dietze (75 NY2d 47 [1989]) and was repealed in 1992.
The issues presented are: (1) Is section 240.26 (1) the same as former section 240.25 (2) and is it therefore unconstitutionally overbroad; and (2) does defendant’s alleged utterance, even if proven, constitute a violation of section 240.26 (1)?
Concerning the first issue, it is significant that the commission staff notes found on page 180 of the 1997 cumulative supplement state: "This section is new. It does not require any intent or likelihood of public disorder, as in disorderly conduct, but an intent to 'harass, annoy or alarm’ an individual.” (Commn Staff Notes, reprinted following NY Cons Law Serv, Book 23B, Penal Law § 240.26, at 180.) The pertinent part of the statute is as follows:
"A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
"1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same”. (Penal Law § 240.26 [1].)
The commission noted that "Subdivision 1 is especially important because it covers an area of minor assaultive *671 conduct which formerly constituted simple assault [former PL §244(1)] but which does not constitute assault of any kind or degree under the formulations of the new Penal Law”. (Commn Staff Notes, reprinted following NY Cons Law Serv, Book 23B, Penal Law § 240.26, at 180.)
It is, therefore, clear that section 240.26 (1) is not the same as former section 240.25 (2). Further, legislative enactments are imbued with a strong presumption of constitutionality and will not be held unconstitutional unless the party asserting such argument meets its heavy burden of proving the infirmity beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333 [1969]; People v Portnoy, 140 Misc 2d 945 [1988].)
As for the second issue, the defendant contends that the language set forth in the information and the superseding information, even if proven, does not rise to a legally sufficient level to warrant a conviction.
In this incident, the language was more than merely "abusive or vulgar”. The words used, while perhaps not carefully chosen by the defendant, are classic "fighting words” which convey or are capable of conveying fear of threat or harm to a reasonable person. The exact meaning of the defendant’s words is an issue for the trier of fact to determine. (People v Dinan, 118 Misc 2d 857 [1983].)
The People argue correctly that the defendant’s motion is really directed at the level of sufficiency for conviction after trial which is not the standard to be applied to this motion.
Defendant’s motion to dismiss and to vacate the temporary order of protection is denied.