■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS GRANSTON, Appellant. [688 NYS2d 172] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered July 22, 1997, convicting him of criminal possession of a weapon in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the jury verdict was

repugnant is unpreserved for appellate review since he did not make this claim before the jury was discharged (*see, People v Alfaro,* 66 NY2d 985, 987; CPL 470.05 [2]). In any event, the contention is without merit. A verdict shall be set aside as repugnant only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury (*see, People v Bebee,* 210 AD2d 243, 244; *People v Tucker,* 55 NY2d 1, 4). It is necessary to determine whether the defendant's acquittal on one or more of the counts necessarily negated an essential element of another count of which the defendant was convicted (*see, People v Bebee, supra; People v Goodfriend,* 64 NY2d 695, 697; *People v Govan,* 206 AD2d 388; *People v Stitt,* 201 AD2d 593). As stated by the Court of Appeals in the seminal case of *People v Tucker* (55 NY2d 1, 6, *supra*), "The critical concern is that an individual not be convicted for a crime on which the jury has *actually found* that the defendant did not commit an essential element, whether it be one element or all" (emphasis supplied). In this case, the jury was unable to reach a verdict on the counts of attempted murder in the second degree, criminal use of a firearm in the first degree, and assault in the second degree. Thus, the elements of the crimes of criminal possession of a weapon in the second degree and burglary in the second degree, of which the defendant was convicted, were not, by definition, negated, since the jury did not return a verdict of not guilty on the other counts.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we find that the verdict is not against the weight of the evidence (*see,* CPL 470.15 [5]). S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.