■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO CARRION, Appellant. [722 NYS2d 888] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered September 24, 1999, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Moreover, the defendant's contention that the verdict was repugnant is without merit. "A verdict shall be set aside as repugnant only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Granston*, 259 AD2d 760, 761; see also, *People v Bebee*, 210 AD2d 243, 244). Accordingly, it is necessary to determine whether the defendant's acquittal on the charge of petit larceny necessarily negated an essential element of burglary in the second degree, the crime of which he was convicted (see, *People v Granston, supra*; *People v Bebee, supra*). Based on the charge, the elements of burglary in the second degree were not negated by the defendant's acquittal of the crime of petit larceny.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOSES DEARIE, Appellant. [722 NYS2d 883] —Appeals by the defendant from two judgments of the County Court, Suffolk County (Pitts, J.), both rendered January 21, 2000, convicting him of attempted grand larceny in the third degree under Indictment No. 1451/99 and forgery in the second degree under Indictment No. 2421/99, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on the appeals. Counsel's application for leave to withdraw as counsel is granted (see, *Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; *cf., People v Gonzalez*, 47 NY2d 606). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.