STATE of Missouri, Respondent,

v.

**Jeremy A. HENKE, Appellant.**

No. WD 53931.

Missouri Court of Appeals,
Western District.

Submitted Sept. 19, 1997.

Decided Nov. 4, 1997.

---

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

SMART, Presiding Judge.

Jeremy A. Henke appeals his conviction for assault in the first degree, § 565.050, RSMo 1994, for which he was sentenced to thirteen years imprisonment. He contends that the trial court erred in denying his motion in limine and in permitting the State to introduce evidence of a statement that he made to a police officer while being taken into custody. Henke claims that the admission of this evidence was of little probative value, and that any probative value that the evidence might have had was outweighed by its prejudicial impact. Judgment is affirmed.

On the evening of June 17, 1996, Chen Huang was riding his bicycle in the parking lot of the King Dragon Restaurant in Blue Springs, Missouri. Because the pebbles in the parking lot sometimes caused his bicycle to slip, Mr. Huang stopped to pick some of the pebbles up. As he was doing this, he saw two men walk toward him from a nearby liquor store. The two men, Jeremy Henke and Matthew Cox, started beating and kicking Mr. Huang. Mr. Huang yelled for help.

Jerry Houchins was driving south on Woods Chapel Road when he observed the elderly gentleman being beaten by two men. As Houchins pulled into the parking lot, Henke and Cox ran and jumped into a car. Mr. Houchins wrote the car's license number on a piece of paper and then went to help Mr. Huang. Mr. Houchins was able to give the police a description of the vehicle and its license number. Police stopped the car a short time later elsewhere in Blue Springs. Mr. Huang and Mr. Houchins went to the location where the car had been stopped. Both identified Henke and Cox as Mr.

Huang's attackers. When Officer Timothy Maybell was leading Henke towards his police car, Henke stated loudly that, "he didn't rob no f_____ Chink."

Mr. Huang suffered a broken arm and various scrapes and bruises. His arm was in a cast for about four months. He still suffers from pain in his arm and, as a result of the attack, can no longer ride his bicycle.

At trial, both Mr. Huang and Mr. Houchins identified Henke as Mr. Huang's assailant. Matthew Dobbs, who had been in the car with Henke and Cox, testified that he had seen Henke beating and kicking an older man that night in the parking lot. Henke did not testify or present any evidence. The jury returned a verdict of guilty. The trial court sentenced Henke to thirteen years imprisonment. Henke appeals.

■ In his sole point, Henke contends that the trial court erred and abused its discretion in overruling his motion in limine and in allowing Officer Maybell to testify that Henke stated that "he didn't rob no f_____ Chink." Henke argues that admission of that testimony deprived him of his rights to a fair trial and to be judged by a fair and impartial jury, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by the Missouri Constitution, Article I, § 18(a). He claims that the statement had very little probative value since it was exculpatory rather than inculpatory and was made after Henke had seen the victim. He also claimed that any probative value the statement might have had was outweighed by its prejudicial impact and improperly fanned the flames of prejudice and bias in the minds of the jurors. Henke points out that the reference to an elderly Chinese man who had just been beaten, as a "f_____ Chink" was "horrific" and that the jury would have despised him for saying such a thing.

The State maintains that the trial court did not abuse its discretion in permitting the State to present the challenged evidence because the statement was relevant in that it established a motive for the assault and its probative value outweighed any possible prejudicial effect.

The trial court is vested with great discretion as to the admissibility of evidence where the issue is relevancy. *State v. Skillicorn*, 944 S.W.2d 877, 886 (Mo. banc 1997). Unless a defendant can clearly show that the trial court abused its discretion, this court will not interfere with the court's decision. *State v. Tokar*, 918 S.W.2d 753, 770 (Mo. banc), *cert. denied*, —— U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996). Evidence is said to be logically relevant if it has some legitimate tendency to directly establish the guilt of the accused on the charge for which he is on trial. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). Legal relevance is demonstrated where the probative value of the evidence outweighs its prejudicial effect. *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. banc 1993).

In this case the challenged evidence was relevant on the question of motive. Parties are given wide latitude to develop evidence of motive. *State v. Shurn*, 866 S.W.2d 447, 457 (Mo. banc 1993), *cert. denied*, 513 U.S. 837, 115 S.Ct. 118, 130 L.Ed.2d 64 (1994). The attack on Mr. Huang, a seventy year old man, was completely unprovoked. Henke and Cox came at Mr. Huang as he was clearing pebbles from his path. There was no prior exchange of words between Mr. Huang and these men, and there was no indication of any prior relationship. Henke's statement could reasonably be interpreted as evidence of motive, *i.e.*, that the attack occurred because of Henke's racial prejudice against the Chinese. Such racial prejudice is demonstrated by the derogatory term "chink" used by Henke to describe Mr. Huang.

Evidence of racial prejudice has been found to be admissible in other cases where it may supply a possible motive for the defendant's actions. In *State v. Coutee*, 879 S.W.2d 762, 767 (Mo.App.1994) the Southern District of this court held that evidence of a defendant's racist acts or attitude is allowed to show motive or intent. Similarly, in *State v. Novak*, 949 S.W.2d 168, 171 (Mo.App.1997), the trial court's action in requiring that the defendant bare his arm and display his "white pride" tattoo was held not to be error. The court found the evidence was appropri-ate as evidence of motive where the defendant participated in a senseless killing and made racist remarks. *Id.* The trial court did not err in admitting Henke's statement into evidence.

Judgment is affirmed.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.