COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


ROBERT MICHAEL CARFAGNO

                                              OPINION BY
v.    Record No. 3186-01-2         JUDGE ROSEMARIE ANNUNZIATA
                                            FEBRUARY 19, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Margaret P. Spencer, Judge

            Cynthia E. Payne, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General on
            brief), for appellee.


     Ronald Michael Carfagno was convicted of two counts of

felonious and unlawful assault and battery on victims selected

because of their race, in violation of Code § 18.2-57(B).  On

appeal, he challenges the legal sufficiency of the evidence.

For the reasons that follow, we affirm.

                          Background

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, the party prevailing below, together with all

reasonable inferences that may be drawn.  Ortega v. Commonwealth,

31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000).  So viewed, the

record shows that on May 7, 2001, Eunice Wilson and her mother,

Gertrude Smith, stopped at a free-standing phone booth on West

Cary Street in the City of Richmond to make a phone call. Wilson saw Carfagno walking down the street pushing a child's wheelchair filled with various items. Carfagno initially passed the two women, then backed up and began to speak to them. He asked, "You know why I'm backing the wheelchair up?" When Wilson responded, "No," Carfagno replied, "I'm backing it up so you all black bitches can see what I got."

Carfagno continued to make statements to the two women, calling them "black bitches and niggers," and stating "I don't like you all black bitches no way." Carfagno started hitting both women at the same time, eventually pushing Smith to the ground. After Carfagno pushed her mother to the ground, Wilson began to hit him around his shoulder, face, and chest. The fight ended when Carfagno pushed Wilson to the ground.

A witness to the incident, Alberto Sejas, was at his place of employment about thirty-seven feet from the telephone booth, when he heard the argument. He heard Carfagno use the racial epithet, "black nigger bitch," when he referred to the two women and saw Carfagno push Smith to the ground. He then saw Wilson "jump in[to]" the fray.

Wilson suffered a knot on her elbow and a scraped pinky finger. As a result of her fall, Smith chipped a bone in her back that punctured her intestines.

Analysis

Under Code § 18.2-57(B), punishment for assault and battery is enhanced "if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race."[1] Carfagno contends the Commonwealth failed to establish that the victims' race motivated the assault and battery, arguing the words he used do not establish beyond a reasonable doubt that race motivated the assault on the victims.[2]

---

[1] Code § 18.2-57 provides:

> A. Any person who commits a simple assault or assault and battery shall be guilty of a Class 1 misdemeanor, and if the person intentionally selects the person against whom a simple assault is committed because of his race, religious conviction, color or national origin, the penalty upon conviction shall include a mandatory, minimum term of confinement of at least six months, thirty days of which shall not be suspended, in whole or in part.

> B. However, if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race, religious conviction, color or national origin, the person shall be guilty of a Class 6 felony, and the penalty upon conviction shall include a mandatory, minimum term of confinement of at least six months, thirty days of which shall not be suspended, in whole or in part.

[2] Carfagno also contends that the Commonwealth failed to establish the race of the parties involved. Carfagno failed to preserve this argument at trial; therefore, his claim on appeal is barred under Rule 5A:18. "The Court of Appeals will not

Carfagno raises a question of first impression in Virginia. However, we are guided by the reasoning of other state courts that have found the use of racial epithets constitutes sufficient evidence of the speaker's racial motivation in committing the crime. In State v. Henke, 954 S.W.2d 685 (Mo. App. 1997), the defendant argued on appeal that the trial court erroneously denied his motion to exclude evidence of a statement he made, in which he referred to the victim as "chink." The Missouri appellate court upheld the defendant's conviction for assault, stating the challenged evidence was relevant and properly admitted on the question of motive:

> There was no prior exchange between [the victim] and these men. There was no indication of any prior relationship. Henke's statement could reasonably be interpreted as evidence of motive, ie. that the attack occurred because of Henke's racial prejudice against the Chinese. Such racial prejudice is demonstrated by the derogatory term "chink" used by Henke to describe the victim.

Id. at 687.

In People v. Pirozzi, 237 A.D.2d 628 (N.Y. App. 1997), the New York appellate court found that racial epithets supported the conviction of a police officer charged with a racially motivated assault. Id. at 630. In that case, the victim testified that "the defendant struck her and stated, '[t]hat's

---

consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18.

- 4 -

what happened [sic] when you assault a police officer, you little black bitch.'" Id. at 629. The court found that, "where the officer initially accosted [the victim] and her companion for no apparent reason, the use of this racial epithet creates a viable inference that the defendant's conduct was racially motivated." Id. at 630.

In Sterry v. State, 959 S.W.2d 249 (Tex. App. 1997), the Texas appellate court held that use of racial epithets constituted sufficient evidence upon which the trier of fact could find that the victim was selected primarily because of bias or prejudice against the victim's race. Id. at 255. In upholding the imposition of an enhanced penalty for the racially motivated assault, the court noted "the record indicates that appellant 1) initiated the confrontation, 2) used racial slurs before, during and after the assault, and 3) called people who came to the victim's aid 'nigger lovers.'" Id.

When reviewing a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below. Ortega, 31 Va. App. at 786, 525 S.E.2d at 627. We must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn" from the credible evidence. Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998). The decision

of the trial court will not be disturbed unless plainly wrong or without evidence to support it. McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc). "If there is evidence to support the conviction," this Court will not substitute its judgment for that of the trier of fact, even were our opinion to differ. Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

Applying the standard of review applicable to cases before us on appeal and bearing in mind the conclusions reached in other jurisdictions regarding the use of racial epithets as evidence of motivation, we find the evidence, although circumstantial, was sufficient to support the trial court's determination that Carfagno assaulted Smith and Wilson because of their race. "Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . exclude every reasonable hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)).

Carfagno made manifest, by word and deed, that racial bias motivated his selection of the assault victims in this case. See Adams v. Commonwealth, 33 Va. App. 463, 471, 534 S.E.2d 347, 351 (2000). Carfagno used the term "black bitches," "niggers," and "black nigger bitch" in addressing the two women, with whom he had no prior relationship. After using a racial epithet to

- 6 -

initiate a conversation with the women, Carfagno proceeded to assault Smith and her daughter. Carfagno continued to hurl racial epithets at the women during the assault, which was unprovoked.

Although Carfagno denied that he used racial epithets in addressing Smith and Wilson, both victims and an uninvolved bystander testified to the contrary, stating that, before and during the assaults, Carfagno employed language replete with racial slurs. When a trial court sits as fact finder, it "must evaluate the credibility of the witnesses, resolve the conflicts in their testimony and weigh the evidence as a whole." Albert v. Commonwealth, 2 Va. App. 734, 738, 347 S.E.2d 534, 536 (1986); see also Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."). The trial court resolved the issue of credibility raised by the disputed evidence against Carfagno. Moreover, having determined that Carfagno was lying about his use of racial epithets to address the women, the trial court could consider the testimony as evidence of Carfagno's consciousness of guilt and, thus, of guilt itself. Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991). We find no error in the trial court's conlusion that Carfagno assaulted Smith and Wilson because of their race.

Carfagno also argues that the evidence was insufficient to prove beyond a reasonable doubt that Wilson and Smith suffered "bodily injury." We disagree.

Carfagno pushed Smith to the ground and, as a result, she suffered a "chipped bone" in her back that "punctured [her] intestines." She was hospitalized after the assault for "three or four days" for treatment of her injuries.[3] This evidence is sufficient to support the trial court's judgment that Smith suffered "bodily injury."

Carfagno further asserts that the Commonwealth failed to establish that Wilson's injuries, a scraped pinky and a bump on her elbow, were caused by his conduct, arguing that Wilson incurred her injuries as a result of her own conduct in attacking him. The argument is without merit.

Carfagno hit and pushed Wilson and eventually knocked her to the ground, where he continued "hitting at [her]." Although the Commonwealth provided no direct evidence that Wilson's scraped pinky and bruised elbow came from one of Carfagno's blows, the trial court could reasonably infer from the evidence presented that Carfagno's actions caused the injuries.

---

[3] Carfagno contends the Commonwealth failed to establish that Smith suffered any injury at all, because the evidence of her injury resulted from inadmissible hearsay evidence. He conceded at oral argument that his hearsay claim is barred on appeal under Rule 5A:18 because he failed to timely object to the testimony at trial. See Newsome v. Newsome, 18 Va. App. 22, 24, 441 S.E.2d 346, 348 (1994).

"'Inferences . . . are elemental ingredients of the fact finding process.'" Morton v. Commonwealth, 13 Va. App. 6, 9, 408 S.E.2d 583, 584 (1991) (quoting County Court of Ulster v. Allen, 442 U.S. 140, 156 (1979)). "'An inference . . . permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts.'" Id. (quoting Carter v. Hercules Powder Co., 182 Va. 282, 292, 28 S.E.2d 736, 740 (1944)).

Accordingly, we affirm the judgment of the trial court.

Affirmed.