COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Clements and McClanahan
Argued at Richmond, Virginia


RONALD DOUGLAS COSBY

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 3132-03-2                     JUDGE JEAN HARRISON CLEMENTS
                                                    APRIL 26, 2005
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                           Margaret P. Spencer, Judge

            Gregory W. Franklin, Senior Appellate Defender (Office of the
            Public Defender, on briefs), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


        Ronald Douglas Cosby (appellant) was convicted in a bench trial[1] of conspiracy to distribute

heroin in violation of Code § 18.2-22. On appeal, appellant contends the evidence was insufficient,

as a matter of law, to sustain his conviction because the Commonwealth failed to prove beyond a

reasonable doubt that he entered into an agreement to distribute drugs to a third party. Because we

find the evidence insufficient, as a matter of law, to support the conviction, we reverse and

dismiss.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] With the exception of the entry of the sentencing order entered on December 15, 2003,
from which this appeal was officially taken, the Honorable Richard D. Taylor, Jr., presided over
the proceedings addressed in this opinion.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

When sufficiency of the evidence is challenged on appeal, the evidence must be viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Lea v. Commonwealth, 16 Va. App. 300, 303, 429 S.E.2d 477, 479 (1993); Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "'In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)); see also Lea, 16 Va. App. at 303, 429 S.E.2d at 479.

So viewed, the evidence presented at trial established that on March 13, 2003, Detective Frank Misiano and an informant were involved in an undercover narcotics operation in Richmond. They sat in an unmarked vehicle, parked in a gas station parking lot across the street from a fast-food restaurant. Daryl Lewis approached Misiano's vehicle on foot and, after a short conversation, Misiano gave Lewis two "marked" twenty-dollar bills for the purchase of heroin.

Lewis then walked across the street to the restaurant parking lot, directly to a spot sixty feet away where appellant was standing. Lewis and appellant had an "exchange," during which Lewis handed money to appellant, and appellant put a piece of aluminum foil containing heroin in Lewis's hand. Lewis returned to Misiano's vehicle and gave the heroin to Misiano. No more than five other people were in the restaurant parking lot at the time of these events, and Lewis and appellant remained visible to Misiano throughout.

After receiving the heroin from Lewis, Misiano notified other police officers who, less than two minutes after Misiano's call, arrested Lewis and appellant and recovered both marked twenty-dollar bills; appellant had one marked bill in his right front pocket, and Lewis either had possession of the other or it was on the ground near the scene.[2] Appellant also had $40 in his left pocket and $442 in his left hand.

Appellant's testimony at trial contradicted the Commonwealth's evidence in several respects. He testified that he knew Lewis and that he walked past him in the parking lot on the day of the offense, but that the two merely struck each other's fists as a greeting. He further testified that Lewis did not give him money and that he did not give Lewis heroin. Appellant also maintained that he never agreed with Lewis to sell heroin and that he was unaware of Lewis's activities. Appellant had been convicted of five prior felony drug offenses.

Appellant was convicted of possession of heroin with intent to distribute and conspiracy to distribute heroin. This appeal of the conspiracy conviction followed.[3]

## II. ANALYSIS

On appeal, appellant contends the evidence was insufficient, as a matter of law, to sustain his conviction of conspiracy to distribute heroin because the Commonwealth failed to prove there was an agreement between Lewis and him to distribute drugs to a third party.

"When considering on appeal the sufficiency of the evidence presented below, we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (en banc) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). We will not "substitute our judgment for that

---

[2] The testimony of the arresting officers was in contradiction on this point.

[3] Appellant's conviction for distribution of heroin is not before us in this appeal.

- 3 -

of the trier of fact," Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002), but will determine "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Kelly, 41 Va. App. at 257, 584 S.E.2d at 447 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

"'Conspiracy is defined as "an agreement between two or more persons by some concerted action to commit an offense."'" Feigley v. Commonwealth, 16 Va. App. 717, 722, 432 S.E.2d 520, 524 (1993) (quoting Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1937))). "'There can be no conspiracy without an agreement, and the Commonwealth must prove beyond a reasonable doubt that an agreement existed.'" Id. (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)). "An agreement requires plurality of intent, a meeting of the minds." Fortune v. Commonwealth, 12 Va. App. 643, 647, 406 S.E.2d 47, 49 (1991). "'It must be shown that the requisite intent existed as to at least two persons,'" id. (quoting W. LaFave & A. Scott, Criminal Law § 461 (1972)), one of whom must be the party charged, see Amato v. Commonwealth, 3 Va. App. 544, 553, 352 S.E.2d 4, 9 (1987); Sands v. Commonwealth, 62 Va. (21 Gratt.) 871, 899-900 (1872). The agreement is the essence of the conspiracy offense. Fortune, 12 Va. App. at 647, 406 S.E.2d at 48.

A conspiracy will not arise solely from appellant's cash-for-heroin transaction with Lewis, since a "'single buyer-seller relationship, standing alone, does not constitute a conspiracy.'" Edwards v. Commonwealth, 18 Va. App. 45, 47, 441 S.E.2d 351, 353 (1994) (quoting Zuniga v. Commonwealth, 7 Va. App. 523, 528, 375 S.E.2d 381, 385 (1988)). Moreover, the mere fact that appellant sold heroin to Lewis that was immediately thereafter distributed to Misiano will not constitute a conspiracy to distribute drugs to Misiano if the initial transaction "lacks the essential

element of an agreement . . . to commit [the] subsequent distribution offense together." Feigley, 16 Va. App. at 722, 432 S.E.2d at 524. Conspiracy here must therefore arise—if at all—out of appellant's agreement to the illicit transaction between Lewis and Misiano.

"Proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy." Combs v. Commonwealth, 30 Va. App. 778, 787, 520 S.E.2d 388, 392 (1999). "'[A] conspiracy may be inferred from the overt actions of the parties, and a common purpose and plan may be inferred from a development and collocation of circumstances.'" Id. at 787, 520 S.E.2d at 392-93 (alteration in original) (quoting McQuinn v. Commonwealth, 19 Va. App. 418, 425, 451 S.E.2d 704, 708 (1994)). When it is shown by the defendant's conduct that the actors "pursued the same object, one performing one part and [another] performing another part so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object." Amato, 3 Va. App. at 552, 352 S.E.2d at 9.

> A conspiracy to distribute drugs can be shown by a series of drug transactions where one person sells drugs to a buyer who, in turn, resells them to a third party. The fact finder may infer from the seller's knowledge that the drugs are being resold an agreement between the seller and buyer to supply drugs for distribution.

Feigley, 16 Va. App. at 722, 432 S.E.2d at 524 (citations omitted); see also Zuniga, 7 Va. App. at 528-29, 375 S.E.2d at 384-85 (holding, in the limited context of a credit sale of contraband, that an agreement could be inferred if the defendant-seller knows of the buyer's intent to resell and seller's actions are intended to "further, promote and cooperate in" buyer's resale).

We further note that, "when a conviction is based on circumstantial evidence, the evidence 'must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.'" Feigley, 16 Va. App. at 724, 432 S.E.2d at 525 (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)); see also Coleman v.

Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "Although the Commonwealth is not required to disprove every remote possibility of innocence, it must disprove those theories of innocence that 'flow from the evidence itself.'" Feigley, 16 Va. App. at 724, 432 S.E.2d at 525 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)); see also Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993) ("The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.").

The Commonwealth contends in the present circumstantial case that an agreement between appellant and Lewis to distribute contraband to Misiano is sufficiently supported by two chains of inferences the fact finder could reasonably draw from proven facts: First, from appellant's possession of one of two marked bills Misiano had given to Lewis, the trial court could infer appellant's intention to take less than full price from Lewis, then infer from that intent a sharing of profits, and then from shared profits infer their shared intent. Second, from the proximity and unobstructed view between appellant and the Lewis-to-Misiano transaction, the trial court could infer that appellant knew of the transaction, further infer that appellant was "intimately tied" to the Lewis-to-Misiano transaction, and then infer a commonality of purpose. Based on these inferences, the Commonwealth argues, a reasonable fact finder could conclude that appellant agreed with Lewis in the distribution of heroin to Misiano. We disagree.

"[T]he existence of intent cannot be based upon speculation or surmise." Adkins v. Commonwealth, 217 Va. 437, 440, 229 S.E.2d 869, 871 (1976). As noted above, the fact finder may infer agreement from a defendant's knowledge that drugs will be resold, and under certain factual circumstances might properly infer knowledge from collocation of circumstances and an unobstructed view. It is not, however, a proper exercise of the fact finder's discretion to "jump" to its conclusion.

> An inference "permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts." Carfagno v. Commonwealth, 39 Va. App. 718, 727, 576 S.E.2d 765, 769 (2003) (citations and quotation marks omitted). It allows a fact[ ]finder to reason "from basic facts to ultimate facts." Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Properly used, however, an inference may only extend a syllogism—not begin one.

Crowder v. Commonwealth, 41 Va. App. 658, 665, 588 S.E.2d 384, 388 (2003).

Thus, the fact finder may not infer the shared intent necessary to an agreement from mere proximity and eyeshot. See, e.g., Jones v. Commonwealth, 208 Va. 370, 373-74, 157 S.E.2d 907, 909-10 (1967) (reciting, in an analysis under the "shared criminal intent" standard for aiding and abetting, the familiar notion that a defendant's presence and consent during the subject offense cannot, without more, constitute a commonality of intent). Likewise, the fact finder may not infer an intent to cooperate in a joint venture from the mere possession of partial proceeds from a sale. See Feigley, 16 Va. App. at 723-24, 432 S.E.2d at 524-25 (holding that evidence of a "single isolated" distribution of cocaine by the defendant to the buyer's "agent" and receipt of money in return for the cocaine from the "agent" was not sufficient to show any agreement between the defendant and the "agent" to distribute drugs).

In the case before us, the proven facts, in the light most favorable to the Commonwealth, establish that Lewis purchased heroin from appellant for twenty dollars, keeping twenty dollars for himself, and thereafter walked sixty feet away and delivered the heroin to his purchaser, Misiano. The evidence has established no more than that Lewis made a twenty-dollar profit by reselling the heroin to Misiano with no agreement by appellant that he should do so. Any other inference is devoid of any factual foundation and therefore mere speculation or surmise.

The Commonwealth nevertheless argues that the fact finder was entitled to conclude that appellant was guilty based upon his demonstrably false testimony. "[A] fact finder who disbelieves a defendant is entitled to consider his testimony as perjured and, thus, as *additional*

affirmative evidence of his guilt." Staton v. Commonwealth, 36 Va. App. 282, 289, 549 S.E.2d 627, 630 (2001) (emphasis added). As demonstrated by its verdict, the trial court rejected appellant's testimony, and that fact would properly bolster other evidence of his guilt. However, the relevant case law permits false testimony to *supplement* proof of guilt, not to operate in the absence thereof. See id. The Commonwealth cites no authority for the proposition that a defendant's disbelieved testimony can serve as the sole dispositive evidence of an element essential to the offense he denies having committed. In order to prove a conspiracy to distribute heroin, the Commonwealth was required to prove an agreement between appellant and Lewis to do so and, having failed to produce such evidence, appellant's false testimony alone cannot support his conviction.

In short, from the record before us, no rational fact finder could conclude that the evidence proved beyond a reasonable doubt that there was an agreement between appellant and Lewis to distribute drugs to Misiano, a required element for a conviction of conspiracy to distribute heroin. Accordingly, we reverse appellant's conviction and dismiss the indictment.

Reversed and dismissed.

McClanahan, J., dissenting.

"[A] conspiracy may be inferred from the overt actions of the parties, and a common purpose and plan may be inferred from a development and collocation of circumstances." McQuinn v. Commonwealth, 19 Va. App. 418, 425, 451 S.E.2d 704, 708 (1994) (internal quotations and citations omitted), aff'd en banc, 20 Va. App. 753, 460 S.E.2d 624 (1995). "Where [] it has been shown that the defendants by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object." Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990) (internal quotations and citations omitted). "Proof of an explicit agreement is not required, and the Commonwealth may, and frequently must, rely on circumstantial evidence to establish the conspiracy." Combs v. Commonwealth, 30 Va. App. 778, 787, 520 S.E.2d 388, 392 (1999) (citation omitted).

"By finding the defendant guilty, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004) (quoting United States v. Kemble, 197 F.2d 316, 320 (3d Cir. 1952)). When the "evidence is equally susceptible to two or more constructions, one of which would support conspiracy and another which would not, the fact finder is not free *arbitrarily* to select that theory of conspiracy." Feigley v. Commonwealth, 16 Va. App. 717, 724, 432 S.E.2d 520, 525 (1993) (citation omitted). However, "this axiomatic proposition has meaning only after the factfinder 'resolves all conflicts in the evidence.'" Haskins, 44 Va. App. at 9, 602 S.E.2d at 406 (quoting Feigley, 16 Va. App. at 724, 432 S.E.2d at 525). "[W]here the factfinder has rejected the hypothesis [of innocence] as *unreasonable*, that determination cannot be overturned as arbitrary unless no rational factfinder could have come to

- 9 -

that conclusion. Id. (citation omitted). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the [Commonwealth], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).

Acting within its factfinding discretion, the trial court had to resolve an evidentiary conflict that only two scenarios could possibly explain: (1) the exculpatory hypothesis that Lewis and Cosby were involved in a single buyer-seller transaction; and (2) the inculpatory hypothesis that Lewis and Cosby had conspired to distribute heroin and equally split the proceeds. In resolving conflicts in the evidence, the trial court was "entitled to draw reasonable inferences from basic facts to ultimate facts." Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (internal quotations and citations omitted). On appeal, we review the evidence in the "light most favorable" to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and *all fair inferences to be drawn therefrom.*'" Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (citation omitted and emphasis in original); see also Kelly v. Commonwealth, 41 Va. App. 250, 254, 584 S.E.2d 444, 446 (2003).

Lewis took $40 from the undercover officer for the express purpose of purchasing heroin. Lewis immediately walked across the street to a point only sixty feet away and still in visible range, which supports a fair inference that Cosby was aware of the resale and had the intent to conspire with Lewis to distribute the heroin. Lewis gave Cosby only $20 in exchange for the heroin, giving rise to a fair inference that Cosby and Lewis had an agreement to split the proceeds. Lewis then delivered the heroin to the undercover officer. One of the marked $20 bills was found on Cosby's person, while the other was either "on the ground" or on Lewis'

- 10 -

person, supporting a fair inference that Cosby and Lewis had an agreement and the intent to share the proceeds.

The trial court concluded that Lewis and Cosby were not engaged in a single buyer-seller transaction that was completely unassociated with a sale of heroin only sixty feet away from where the original sale occurred. If that hypothesis were accepted, Lewis' back-to-back resale of heroin to the undercover officer resulted in a 100% mark-up in price for walking a mere sixty feet to deliver the drug, where the sale and subsequent resale were consummated within visible range of one another. The trial court, therefore, rejected this hypothesis as unreasonable.

Moreover, the fact that Cosby provided false testimony further supplements the trial court's rejection of the exculpatory hypothesis. "As we have noted, determinations of credibility lie within the purview of the fact finder, who may reject a witness' testimony . . . [and] the fact finder may conclude that the defendant lied to conceal his guilt." Moore v. Commonwealth, 25 Va. App. 277, 289, 487 S.E.2d 864, 870 (1997). On issues of witness credibility, we defer to the conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985) (citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth, a rational trier of fact could have reasonably inferred that there was an agreement between Lewis and Cosby to effectuate a conspiracy. Therefore, the trial court's finding was not plainly wrong or without supporting evidence. I would affirm the conviction.