COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge O'Brien and Senior Judge Haley
Argued at Richmond, Virginia

MAURICE FRANCIS NEENAN III

MEMORANDUM OPINION* BY
v.      Record No. 1124-21-2      JUDGE JAMES W. HALEY, JR.
OCTOBER 4, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

Kelsey Bulger, Senior Assistant Public Defender (Virginia Indigent
Defense Commission, on briefs), for appellant.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

The trial court convicted Maurice Francis Neenan III, appellant, of grand larceny and

larceny with the intent to sell. On appeal, appellant contends that the trial court erred by admitting

surveillance video and still photographs from the video, as well as a pawn shop receipt into

evidence at his trial. He also asserts that the evidence is insufficient to prove he intended to sell the

stolen items. For the following reasons, we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence and regard as true all credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On June 3, 2020, appellant entered a Lowe's store in Spotsylvania County. Katelyn Gibson was working as an asset protection agent at the store when "some activity . . . was brought to [her] attention." In response to the report, Gibson reviewed the store's video surveillance. On the video, appellant is seen leaving the store with items without paying for them. Gibson testified that the video, still photographs from the video, and an inventory record were all records made and kept in the course of Lowe's regularly conducted business and that she had access to those records as a part of her daily obligations and duties. After viewing the June 3 video, Gibson created the inventory record, focusing on the outdoor power equipment section based on what she had observed in the video. She discovered that two Husqvarna chainsaws and one Husqvarna backpack blower were missing from the store, which matched the items seen in the video. The retail value of the three items exceeded one thousand dollars.

In the June 3 video, appellant approached the store's customer service desk and attempted to return the three items. When the transaction was declined, appellant exited the store without paying for any of the items in his cart. On June 23, 2020, appellant returned to the Lowe's store, interacted with Gibson, and "attempt[ed] to pay for the products that had been taken," specifically mentioning the items stolen on June 3. After seeing appellant in person on June 23, Gibson confirmed that he was the same person depicted in the surveillance video from June 3.

Corey Bibey, an employee at Pawn King in Spotsylvania County, confirmed that he is "a person that has access to records that are kept in the normal course of Pawn King's business." Bibey reviewed a document which he explained was the "original transaction ticket" from June 3, 2020, less than thirty minutes after the theft of the items from Lowe's, showing that a person who presented appellant's identification sold two Husqvarna chainsaws and one Husqvarna backpack

blower to the pawn shop for $400. Bibey acknowledged that he did not create the document, but he stated that he had "full access" to the store's records as part of his employment.

The trial court found Gibson's testimony "quite credible." The court held that appellant removed the three items from the store without paying for them and less than thirty minutes later he sold the same items to the pawn shop. The trial court concluded that the evidence was "overwhelming beyond a reasonable doubt that [appellant] did this." This appeal followed.

ANALYSIS

ADMISSION OF THE VIDEO, PHOTOS, AND PAWN TICKET

Appellant argues that the trial court abused its discretion by admitting the surveillance video, the still photographs taken from the video, and the pawn shop transaction receipt. "It is well-settled that [d]ecisions regarding the admissibility of evidence lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion." *Nottingham v. Commonwealth*, 73 Va. App. 221, 231 (2021) (internal quotation marks omitted). "A court has abused its discretion if its decision was affected by an error of law or was one with which no reasonable jurist could agree." *Tomlin v. Commonwealth*, 74 Va. App. 392, 409 (2022).

Appellant contends that the "Commonwealth did not lay a sufficient foundation to admit the video or the photographs from the video." "The requirement of authentication or identification [is] a condition precedent to [the] admissibility [of evidence that] is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims." Va. R. Evid. 2:901. "Photographs are admissible under either of two theories: 'to illustrate a witness' testimony' or 'as an "independent silent witness" of matters revealed by the photograph.'" *Bennett v. Commonwealth*, 69 Va. App. 475, 487 (2018) (quoting *Bailey v. Commonwealth*, 259 Va. 723, 738 (2000)). "[V]ideos are admissible under the same principles." *Id.* "'Once the threshold for proving admissibility'" is met, questions concerning the accuracy of

photographs are relevant "only to the [fact finder's] assessment of the weight to give it." *McDaniel v. Commonwealth*, 73 Va. App. 299, 316 (2021) (quoting *Church v. Commonwealth*, 71 Va. App. 107, 122 (2019)). *See also Reedy v. Commonwealth*, 9 Va. App. 386, 391 (1990) ("Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence.").

Here, the video and photographs were offered as an independent "silent witness" of the depicted facts. As such, the test for whether the photograph was admissible is "whether the evidence [was] sufficient to provide an adequate foundation assuring the accuracy of the process producing it." *Bynum v. Commonwealth*, 57 Va. App. 487, 492 n.3 (2011) (quoting *Ferguson v. Commonwealth*, 212 Va. 745, 747 (1972)). We have held that the authentication requirement had been met where the evidence showed that the videotape the Commonwealth sought to introduce "included an on-screen display of the passage of time in seconds and that the tabs which allow alteration of the tape had been removed" and "police officers identified the voice [in the video] as appellant's . . . ." *Brooks v. Commonwealth*, 15 Va. App. 407, 410-11 (1992).

Gibson testified that the HR and IT departments conduct daily tests to verify the accuracy of the surveillance system, and she verified that the tests had been run on June 3, 2020. Gibson further verified that the time and dates on the video were correct. Gibson identified appellant as the individual depicted in the video after having met him in person when he returned to the store and attempted to pay for the stolen merchandise. Gibson downloaded the video files to her computer which only she could access and stored the files there until she copied them onto a disk to be used at court. Gibson confirmed that the video had not been altered. Gibson's testimony sufficiently authenticated the video and photos taken from the video, and the record supports the trial court's decision to admit the video and photographs.

- 4 -

Appellant further argues that the trial court abused its discretion by admitting the pawn shop ticket because Bibey had not prepared the document himself and therefore was not a proper custodian of the record. "The burden of establishing a statement or document that is otherwise inadmissible hearsay falls within a recognized exception to the hearsay rule is borne on the proponent of the statement or document." *Melick v. Commonwealth*, 69 Va. App. 122, 133 (2018). "The proponent must establish the elements of the exception by a preponderance of the evidence." *Id.* at 133-34.

The business records exception to the rule against hearsay permits "the admission into evidence of verified regular entries without requiring proof from the original observers or record keepers." *McDowell v. Commonwealth*, 273 Va. 431, 434 (2007) (quoting *Neeley v. Johnson*, 215 Va. 565, 571 (1975)). Settled principles make clear that a witness need not be the sole official custodian of business records to provide foundational testimony that establishes a hearsay exception provided that the witness "ha[s] knowledge of how [the company's] records [are] compiled and maintained[] and . . . ha[s] access to those records as an integral part of his responsibilities . . . for his employer." *Lee v. Commonwealth*, 28 Va. App. 571, 576 (1998); *see also* Va. R. Evid. 2:803(6)(D) (requiring "testimony of the custodian or *another* qualified witness" to verify origin under the business records exception (emphasis added)).

> Virginia appellate courts have found that persons who are familiar with the regular operations of the business and the circumstances under which the subject records normally are created are competent to establish the requirements of the business records exception even if they are neither the creator nor the formal custodian of the record.

*Melick*, 69 Va. App. at 141.

Bibey testified that all employees are required to scan a seller's identification at the time a purchase is made. The pawn tickets are made at the time of the transaction, and both the ticket and the copy of the identification were made and kept in the regular course of business. As in

*Melick*, Bibey knew how the records were created, had access to the records, and made use of the records as part of his duties. *See id.* at 142. Bibey was sufficiently familiar with the operations of the business and the policy regarding the creation of the records to satisfy the "another qualified witness" requirement of Rule 2:803(6)(D).

Accordingly, we find no abuse of discretion with the trial court's decision to admit the video, the photographs, and the pawn store ticket.

SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction for larceny with the intent to sell because "the Commonwealth failed to prove [he] intended to sell the items." "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez*, 291 Va. at 248 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

In appellant's view, "the evidence failed to establish that [he] was the individual who sold the items." He notes that no witnesses identified him as being at the pawn shop. He asserts that the Commonwealth "relied on a copy of the transaction ticket to show that [he] sold the items" and that

"[w]ithout further evidence, . . . the Commonwealth cannot meet its burden to prove that he stole the items with the intention of selling them."

"Proving intent by direct evidence often is impossible. Like any other element of a crime, it may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it." *Gilbert v. Commonwealth*, 45 Va. App. 67, 71 (2005) (quoting *Adams v. Commonwealth*, 33 Va. App. 463, 470-71 (2000)). "Determining a defendant's intent 'is a factual question, which lies peculiarly within the province of the [fact finder].'" *Barnett v. Commonwealth*, 73 Va. App. 111, 120 (2021) (quoting *Hughes v. Commonwealth*, 18 Va. App. 510, 519 (1994) (*en banc*)).

Here, the evidence proved that appellant stole two Husqvarna chainsaws and one Husqvarna backpack blower from Lowe's and less than thirty minutes later, an individual who presented appellant's identification sold the same items to the pawn shop. "The trier of fact resolves conflicts in the evidence, weighs the evidence, and draws 'reasonable inferences from basic facts to ultimate facts.'" *Holmes v. Commonwealth*, 41 Va. App. 690, 691 (2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "An inference 'permits a finder of fact to conclude the existence of one fact from the proof of one or more other facts.'" *Crowder v. Commonwealth*, 41 Va. App. 658, 665 (2003) (quoting *Carfagno v. Commonwealth*, 39 Va. App. 718, 727 (2003)). Based on all the evidence presented, the trial court reasonably concluded that appellant was the person who sold the items to the pawn shop and that he stole them with the specific intent to sell them. The trial court did not exceed its factfinding discretion in drawing these reasonable inferences from the proven facts of this case.

CONCLUSION

For the foregoing reasons, we find no abuse of discretion with the trial court's admission of the disputed evidence and that the evidence was sufficient to prove appellant's guilt beyond a reasonable doubt. Therefore, we affirm appellant's convictions.

*Affirmed.*