■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SCIPIO, Also Known as KENNETH WRIGHT, Appellant. —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered July 5, 1989, convicting defendant of two counts of sodomy in the first degree, rape in the first degree, and assault in the second degree, and sentencing defendant to concurrent indeterminate terms of imprisonment of 12½ to 25 years on the sodomy and rape counts and 3½ to 7 years on the assault count, unanimously affirmed.

Defendant and complainant were former lovers. On August 21, 1988, when complainant went to defendant's apartment to retrieve some of her possessions, defendant restrained her and over a period of days, raped and sodomized her.

The court's *Sandoval* ruling permitting inquiry into nine misdemeanor convictions and one felony conviction, without inquiry into the nature of the conviction or the underlying facts, was within the discretion of the Trial Judge. *(People v Cain,* 167 AD2d 131.) The prosecution's comments in summation were either responsive to defense counsel's summation or were adequately cured.

It was not error for the jury to consider whether the broomstick with which defendant struck complainant was a dangerous instrument in order to convict defendant of second degree assault.

Defendant used the broomstick with such force that it broke over the complainant's hand, causing it to remain swollen and difficult to use for weeks. In any event, it is not necessary that the dangerous instrument actually cause serious physical injury, only that it is potentially capable of doing so. (Penal Law § 10.00 [13].) Accordingly, the jury had an ample basis to conclude that the broomstick was a dangerous instrument. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.