■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NEALY, Appellant. [681 NYS2d 33] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered March 2, 1995, convicting him of assault in the second degree (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction for assault in the second degree under count one of the indictment to assault in the third degree and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing.

The defendant contends, *inter alia,* that his conviction for assault in the second degree upon the civilian complainant is not supported by legally sufficient evidence, since the People failed to prove that he inflicted injury by means of a dangerous instrument. The complainant testified that the defendant struck him once with his fist, causing a superficial laceration on his face. The People argued that the laceration was caused by a razor knife recovered, after the defendant's arrest, from the roof of a building, or another sharp metal object. Although a detective testified that the complainant told him the defendant caused the laceration with a razor, the complainant testified that he saw no razor, and denied that he told the police that the defendant had a razor.

On the record before us, the People failed to prove beyond a reasonable doubt that the victim's injury was caused by a dangerous instrument (*see,* Penal Law § 120.05 [2]). Rather, the evidence indicates that the cause of the injury was a single blow to the face from the defendant's hand. The use by the average layperson of the hand to strike a blow is insufficient proof of assault in the second degree, which requires causing physical injury to another by use of a dangerous instrument (*see, People v Gachelin,* 237 AD2d 300, 302; *People v Austin,* 131 AD2d 490, 491). Accordingly, we have reduced the conviction to one for assault in the third degree, which is fully supported by the record.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.