■ In the Matter of KYLE L., a Person Alleged to be a Juvenile Delinquent, Respondent. OTSEGO COUNTY ATTORNEY, Appellant. [701 NYS2d 525] —Mercure, J. P. Appeal from an order of the Family Court of Otsego County (Scarzafava, J.), entered June 15, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

Respondent was charged in a juvenile delinquency petition with committing acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree (Penal Law § 120.14) and aggravated harassment in the second degree (Penal Law § 240.30). The charges stemmed from incidents wherein respondent allegedly told several individuals over the telephone and in person that he intended to shoot two of their classmates and stab himself. Respondent moved to dismiss the petition for failure to set forth nonhearsay allegations establishing each and every element of the crimes charged as required by Family Court Act § 311.2 (3). Family Court granted the motion and dismissed the petition, prompting this appeal by petitioner.

Applying a stringent test to respondent's challenge to the facial sufficiency of the juvenile delinquency petition in order "to assure that there is a valid and documented basis for subjecting [him] to prosecution" (*Matter of Neftali D.*, 85 NY2d 631, 636; *see, Matter of Dominic CC.*, 222 AD2d 999, *lv denied* 88 NY2d 802), we agree with Family Court's assessment that the petition fails to contain nonhearsay allegations establishing that respondent's conduct satisfied every element of the crime of menacing in the second degree (*see,* Family Ct Act § 311.2 [3]; Penal Law § 120.14; *see generally, Matter of Evan U.*, 244 AD2d 691). In order to satisfy the pleading requirements for that crime, the petition was required to set forth sufficient nonhearsay allegations to support the contention that respondent's threats placed the intended victims of the shooting "in reasonable fear of physical injury" (Penal Law § 120.14 [2]). Inasmuch as the petition (alone or as supplemented by the supporting depositions) makes no allegation that respondent's threats were ever communicated to the intended victims, Family Court properly dismissed the count of the petition alleging menacing in the second degree (*see, Matter of David I.*, 258 AD2d 805).

With respect to the count alleging aggravated harassment in the second degree, however, we are persuaded that the petition and supporting depositions contain sufficient nonhearsay allegations to demonstrate that respondent's threats were "likely to cause annoyance or alarm" to the individuals who heard them (Penal Law § 240.30 [1]). Notably, this element may be reasonably inferred from respondent's behavior without affirmative proof that the individuals were actually annoyed or alarmed (*see, People v Johnson*, 208 AD2d 1051, *lv denied* 85 NY2d 910).

Here, one of the two individuals who heard respondent make

the threats giving rise to the charge stated in her supporting deposition that respondent was "verbally harassing" her over the telephone when he threatened to stab himself with a knife. During a subsequent telephone conversation which was heard by both individuals, respondent stated that he hated the intended shooting victims and planned on shooting them at a specified time and location with a handgun provided by another named classmate. Both individuals who spoke to respondent on the telephone believed that he "sounded serious" and "was not joking", prompting one of them to report the threats to her mother and a school teacher. In our view, these allegations were sufficient to demonstrate that respondent's conduct was likely to cause annoyance or alarm despite the absence of a direct allegation that either individual was actually alarmed or annoyed by respondent's threats (*see generally*, *id.*, at 1052). Accordingly, Family Court erred in dismissing this count of the petition.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss the second count of the petition; motion denied to that extent and said count reinstated; and, as so modified, affirmed.