■ The People of the State of New York, Respondent, v Brian Russell, Appellant. [787 NYS2d 264]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J., at hearing; Michael R. Sonberg, J., at jury trial and sentence), rendered October 15, 2003, convicting defendant of assault in the second and third degrees, criminal mischief in the third degree, and two counts of aggravated harassment in the second degree, and sentencing him to an aggregate term of one year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. As for the assault convictions, each victim's credible testimony proved the element of physical injury (*see People v Guidice*, 83 NY2d 630, 636 [1994]), and the evidence clearly warranted the conclusion that defendant wielded a bat in a manner that rendered it a dangerous instrument (*see e.g. People v Scipio*, 169 AD2d 596 [1991], *lv denied* 77 NY2d 966 [1991]). As for the aggravated harassment convictions, there was extensive evidence, including defendant's own statement to police that the victims "don't belong in our neighborhood," to support the racial bias element (*see* Penal Law § 240.30 [3]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The credible evidence established that when a police officer asked defendant to step outside of his home to discuss an incident, he did so voluntarily, whereupon one of the victims identified him in a showup that was justified by its close geographic and temporal proximity to the crime (*see People v Duuvon*, 77 NY2d 541, 543 [1991]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Andrias, J.P., Ellerin, Marlow and Sweeny, JJ.