THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK MARINO, Appellant. [826 NYS2d 68]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 3, 2004, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and two counts of menacing in the second degree as a hate crime, and sentencing him to an aggregate term of 1 1/3 to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490 [1987]). Defendant's guilt of menacing as a hate crime was established by evidence that he approached two African-American men for no apparent reason and brandished a box cutter, after his friend had been using racial epithets toward these men, which defendant personally repeated. This evidence supported the inference that defendant had selected the victims based, in whole or in substantial part, on their race (*see* Penal Law § 485.05 [1] [a]; *People v Pirozzi*, 237 AD2d 628 [1997], *lv denied* 90 NY2d 909 [1997]).

The court properly denied defendant's mistrial motion made on the ground that the prosecutor violated the court's *Sandoval* ruling in cross-examining defendant. The court did not change its ruling after defendant chose to testify, and the prosecutor generally stayed within the bounds of that ruling. The cross-examination at issue was consistent with the portion of the court's ruling which permitted the prosecutor to explore defendant's past relationship with the other man who was making racially offensive remarks in the instant incident. That past relationship included their joint participation in a prior crime. To the extent that the prosecutor's reference to the crime of burglary went beyond the *Sandoval* ruling, the court provided immediate curative relief that was sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.