In the Matter of SHANE EE., a Person Alleged to be a Juvenile Delinquent. STEPHEN B. FLASH, as Assistant County Attorney of Tompkins County, Respondent; SHANE EE., Appellant. [851 NYS2d 711]—

Kane, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered December 19, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

Over the course of two months, while riding on the same school bus, respondent called the victim several names. Some of those names indicated a bias against her based upon her race, color and gender. At one point, respondent told the victim, "I've got a gun with your name on it." Another time, he stared at her and stated, "we shoot niggers like you in the woods." Based upon these incidents, petitioner commenced this proceeding alleging that respondent committed acts which, if committed by

an adult, would constitute the crime of aggravated harassment in the second degree. Following hearings, Family Court adjudicated respondent a juvenile delinquent and imposed a conditional discharge with 75 hours of community service. Respondent appeals.

The petition contained adequate allegations of criminal conduct to provide Family Court with jurisdiction. Respondent contends that the petition failed to make out the elements of aggravated harassment in the second degree, thereby rendering it jurisdictionally defective. As limited by the petition, that crime is established when a person, "with intent to harass, annoy, threaten or alarm another person, . . . [s]trikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of a belief or perception regarding such person's race, color, . . . [or] gender" (Penal Law § 240.30 [3]). The petition alleged, among other things, that respondent, with the requisite intent, called the victim racial and gender-based epithets, threatened to shoot her because of her race and threatened to punch her in the face. These allegations included all of the elements of the alleged offense, rendering it jurisdictionally sufficient.

We reject respondent's argument that his threats and racial slurs constituted protected speech under the 1st Amendment. In addition to threatening physical harm, the language at issue here is so personally and racially offensive that it was "likely to provoke the average person to retaliation, and thereby cause a breach of the peace" (*Chaplinsky v New Hampshire*, 315 US 568, 574 [1942]; *see People v Dietze*, 75 NY2d 47, 52 [1989]; *Matter of Corey v Corey*, 40 AD3d 1253, 1255 [2007]). Such language is not considered privileged free speech, and may constitutionally be proscribed by the government.

Family Court's determination was supported by legally sufficient evidence and not against the weight of the evidence. The evidence plainly showed that respondent at least intended to annoy or alarm the victim with his repeated name-calling and threats of physical harm (*see Matter of Kyle L.*, 268 AD2d 836, 837-838 [2000]). The racial and gender-based character of those names was circumstantial evidence sufficient to show that his actions were motivated by bias or prejudice (*see People v Marino*, 35 AD3d 292, 293 [2006]; *People v Russell*, 13 AD3d 267, 268 [2004], *lv denied* 4 NY3d 856 [2005]; *People v Pirozzi*, 237 AD2d 628, 630 [1997], *lv denied* 90 NY2d 909 [1997]). No physical contact occurred, but respondent's statements, "I've got a gun with your name on it" and "we shoot niggers like you in the woods," constituted threats of harmful physical contact. Al-

though the victim testified that she did not fear that respondent would actually shoot her, no particular feelings on the part of the victim are required (*compare* Penal Law § 240.30 [3] *with* Penal Law § 120.14). The court believed the victim's testimony and did not believe several aspects of respondent's testimony, specifically when he denied making any racial slurs or the threat regarding a gun. Viewing the evidence in a neutral light, while accepting these credibility determinations, the weight of the evidence supports a finding that respondent committed acts which would constitute the specified crime (*see Matter of Brooke II.*, 45 AD3d 1234, 1234-1235 [2007]).

Contrary to respondent's final argument, Family Court did not err in refusing to dismiss the petition at disposition. The Probation Department opined that respondent did not require probation supervision, but not that any form of supervision was unnecessary. The court appropriately determined that respondent needed some form of supervision or treatment, and followed the Probation Department's recommendation of imposing a conditional discharge with substantial community service (*see* Family Ct Act §§ 352.1, 352.2 [1] [a]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.