In the Matter of AHMED A., a Person Alleged to be a Juvenile Delinquent, Appellant. [920 NYS2d 120]—

This proceeding arises from an incident in which the appellant allegedly repeatedly punched or struck the complainant, who was his high school classmate. At the fact-finding hearing, the complainant testified that, for several months prior to this incident, the appellant had taunted him about his inability to speak English and his use of the Punjabi language. In addition, the complainant testified that the appellant had often taunted him about his beard and turban, which the complainant wore as part of his religious practice. According to the complainant, the appellant also frequently tried to remove the complainant's turban. The complainant explained to the appellant that he could not "change [him]self," and that these matters pertained to his religious beliefs.

The complainant testified that on the date of this incident,

June 3, 2008, the appellant punched him in the chest and then punched or struck him in the face. According to the complainant, the appellant asked him why he was still "conscious" and continued to strike or punch him until he fell to the floor. During this incident, the complainant testified, the appellant taunted him about his turban and asked him to "show [his] hair," which was contrary to the complainant's religious practice. At some point during this incident, the appellant pulled off the complainant's turban.

As a result of this incident, the complainant was taken to the school nurse's office and subsequently to a hospital. At the hospital, the complainant was found to have suffered, among other things, severe bruising of the cheek area and a "laceration" of the cheek area.

The appellant was adjudged to be a juvenile delinquent upon findings that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, charged as a hate crime (see Penal Law § 120.05 [2]; § 485.05), criminal possession of a weapon in the fourth degree under Penal Law § 265.01 (2), and aggravated harassment in the second degree under Penal Law § 240.30 (3).

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; see also People v Contes, 60 NY2d 620, 621 [1983]), there was legally insufficient proof that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree based on the use of a "dangerous instrument" (Penal Law § 120.05 [2]), as there was insufficient proof that a dangerous instrument was used in this incident (see People v Peralta, 3 AD3d 353, 355-356 [2004]; People v Nealy, 254 AD2d 505 [1998]; see also People v Lemon, 124 AD2d 679 [1986]). Likewise, the proof was legally insufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, as charged in the petition (see Penal Law § 265.01 [2]), as there was insufficient proof that the appellant possessed a "dangerous instrument" with the intent to use it unlawfully against another (see People v Peralta, 3 AD3d at 355-356; see also People v Nealy, 254 AD2d at 506; People v Lemon, 124 AD2d at 679).

However, the evidence adduced at the fact-finding hearing was legally sufficient to support the Family Court's determination that the appellant committed acts which, if committed by an adult, would have constituted the crime of aggravated harassment in the second degree under Penal Law § 240.30 (3). That

statute provides, in relevant part, that "[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she . . . [s]trikes, shoves, kicks, or otherwise subjects another person to physical contact, or attempts or threatens to do the same because of a belief or perception regarding such person's race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation, regardless of whether the belief or perception is correct" (Penal Law § 240.30 [3]). Here, the evidence was sufficient to establish that the appellant repeatedly struck the complainant, and that this attack was "motivated by bias or prejudice" (*Matter of Shane EE.*, 48 AD3d 946, 947 [2008]; *see People v Russell*, 13 AD3d 267, 268 [2004]; *People v Pirozzi*, 237 AD2d 628, 630-631 [1997]; *see also People v Minucci*, 68 AD3d 1017, 1017 [2009]; *Matter of Aaron McC.*, 66 AD3d 684, 685 [2009]; *Matter of Kedne L.*, 45 AD3d 843, 844 [2007]; *People v Marino*, 35 AD3d 292, 293 [2006]).

Since the evidence was legally sufficient to support the finding that the appellant committed acts which, if committed by an adult, would constitute the crime of aggravated harassment in the second degree, for which the period of probation that was imposed is appropriate, the matter need not be remitted to the Family Court for a new order of disposition (*see* Family Ct Act § 352.2; *Matter of Robert C.*, 67 AD3d 790, 792-793 [2009]). Covello, J.P., Dickerson, Hall and Lott, JJ., concur.