■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PHOENIX, Appellant. [23 NYS3d 905]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (DiMango, J.), rendered August 5, 2010, convicting him of murder in the second degree as a hate crime and attempted assault in the first degree as a hate crime, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict of guilt is against the weight of the credible evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jury's verdict of guilt as to murder in the second degree as a hate crime was not against the weight of the evidence (*see* Penal Law § 485.05 [1] [b]; *People v Romero*, 7 NY3d 633, 643 [2006]; *People v Ortiz*, 48 AD3d 1112 [2008]; *People v Marino*, 35 AD3d 292 [2006]; *People v Pirozzi*, 237 AD2d 628 [1997]), and the jury's verdict of guilt as to attempted assault in the first degree as a hate crime was not against the weight of the evidence (*see* Penal Law § 20.00; *People v Scott*, 25 NY3d 1107 [2015]; *People v Romero*, 7 NY3d at 643; *People v Witherspoon*, 300 AD2d 605 [2002]; *People v Santana*, 191 AD2d 174 [1993]).

Contrary to the defendant's contention, the sentence imposed on the conviction of attempted assault in the first degree as a hate crime was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]). Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.